UNITED STATES, Appellee,

v.

Ernest L. SALLEY, Specialist Four, U.S. Army, Appellant.

No. 38,543.

CM 438312.

U. S. Court of Military Appeals.

Aug. 18, 1980.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Elliot J. Clark, Jr., Captain Charles E. Trant* (on brief).

For Appellee: *Lieutenant Colonel R. R. Boller, Major Douglas P. Franklin, Major Ted B. Borek, Captain Gary F. Thorne* (on brief).

Opinion of the Court

EVERETT, Chief Judge:

The appellant was tried at Fort Campbell, Kentucky, by a general court-martial composed of officers and, contrary to his pleas, was found guilty of robbery, wrongful use of an identification card, and carrying a concealed weapon, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. sections 921 and 934. His sentence to a bad conduct discharge, confinement at hard labor for 2 years, and forfeiture of all pay and allowances was approved by the convening authority. After the Army Court of Military Review affirmed the findings and sentence without opinion, he petitioned this Court for review.

We granted the petition for review upon this issue raised by appellate defense counsel:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY EQUATING SUBSTANTIAL DOUBT AND REASONABLE DOUBT IN HIS INSTRUCTIONS TO THE JURY?

Although we now disapprove the form of the instruction, we conclude that appellant was not prejudiced thereby.

## I.

The instructions of the military judge occupy some 38 pages of the record of trial. The instruction complained of here was given in these terms:

Now, by reasonable doubt is intended not a fanciful or ingenious doubt or conjecture but *substantial*, honest, conscientious doubt suggested by the material evidence or lack of it in the case. It is an honest, *substantial* misgiving generated by insufficiency of proof of guilt. Proof beyond reasonable doubt means proof to a moral certainty though not necessarily an absolute or mathematical certainty. If you have an abiding conviction of the accused's guilt such as you would be willing to act upon in the more important matters related to your own affairs, then you have no reasonable doubt. (Emphasis supplied).

The language is that of a standard instruction contained in the Army's Military Judge's Guide. *See* Department of the Army Pamphlet 27-9, para. 2-4 (19 May 1969). Apparently, it stems from a provision in the 1969 Manual for Courts-Martial,[1] and in its 1951 and 1949 predecessors.[2] Not surprisingly, this same instruction appears in many records of trial reviewed in this Court.

In seeking to explain how "substantial doubt" crept into the "reasonable doubt" definition, the appellant's brief remarks:

Although the answer is not free from doubt, it appears the term was introduced in the context of distinguishing mere speculation from reasoned doubt. An example of these earlier instructions is found in the instruction discussed in *Scurry v. United States*, 347 F.2d 468 (D.C.Cir. 1965): "It is a doubt that connotes something of substance as compared to something shadowy."

It would thus appear that, as originally used, the term "substantial" was applied as reflecting its secondary meaning of "tangible", rather than its more common primary meaning of "ample or considerable amount." As instructions were paraphrased and rewritten, this meaning became obscured.

A common instruction being given about the time the *MCM* was revised was La Buy, *Jury Instructions in Federal Criminal Cases*, No. 6.01-3, which stated, *inter alia* :

A 'reasonable doubt' means a doubt based on reason, and *must be substantial rather that speculative;* it must be sufficient to cause you as a reasonably prudent person to hesitate to act in the more important affairs of your life. (Emphasis supplied.)

In thus using the term "substantial" in contraposition to the term "speculative," arguably to an English professor or one who carefully studied the sentence in its context, the word "substantial" might connote "tangible" rather than "considerable."

Final Brief on Behalf of Accused Pursuant to Rule 22(b), at 4-5.

Whatever the source of this phraseology, we concur in the further observation by appellate defense counsel that "it is easy to see how, for the laymen, it could be confusing or easily misconstrued." *Id.* at 5. The Supreme Court said as much in *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), when, in reversing because of the trial court's failure to give a requested instruction on the presumption of innocence, it criticized in these terms the instructions on reasonable doubt that had been given:

The trial court's truncated discussion of reasonable doubt, however, was hardly a model of clarity. It defined reasonable doubt as "a substantial doubt, a real doubt." [cit. omitted] This definition, though perhaps not in itself reversible error, often has been criticized as confusing. See, e.g., *United States v. Muckenstrum*, 515 F.2d 568, 571 (C.A.5), cert.

---

1. Para. 74*a*, Manual for Courts-Martial, United States, 1969 (Revised edition).

2. Para. 74*a*, Manual for Courts-Martial, United States, 1951; para. 78*a*, Manual for Courts-Martial, U.S. Army, 1949.

denied, 423 U.S. 1032, 96 S.Ct. 564, 46 L.Ed.2d 406 (1975); *United States v. Christy*, 444 F.2d 448, 450 (C.A.6), cert. denied, 404 U.S. 949, 92 S.Ct. 293, 30 L.Ed.2d 266 (1971).

Id. at 488, 98 S.Ct. at 1936.

In *Muckenstrum* the Court of Appeals for the Fifth Circuit concluded that, taken in the context of the whole jury charge, reasonable doubt had not been equated with substantial doubt. However, the court also commented: [3]

> We hasten to add, however, that the sentence instructing that a doubt must be substantial rather than speculative is confusing in that arguably it raises the burden from "reasonable doubt" to "substantial doubt" and would better be left unsaid.

*Christy* contains this criticism [4] of an instruction that the Government had the burden " '. . . to leave no reasonable, *substantial* doubt in the minds of the jury.' (Emphasis supplied.)": [5]

> No objection to the charge was raised at trial, but appellant now contends that the District Court's use of the word "substantial" rose to the level of plain error because it significantly reduced the government's burden of proof at trial. Were this the District Court's only reference to or explanation of the concept of reasonable doubt, the unfortunate inclusion of the questioned word would present an issue of some magnitude. The record indicates that the circumstances were just to the contrary, however. After explaining the presumption of innocence which every accused enjoys, the District Court proceeded to instruct the jury that the presumption of innocence is overcome only after the government has proven its case beyond a reasonable doubt. In explaining this concept to the jury, the District Judge used the words "reasonable doubt" no less that nine times without any indication that the doubt had to be "substantial." The use of the word "substantial" occurred only once, and it is significant to note that it occurred immediately prior to and in connection with the Court's proper explanation of the term "reasonable doubt" as that which is not a whimsical or capricious doubt but a substantial one. See *United States v. Aiken*, 373 F.2d 294 (2d Cir. 1967); *United States v. Heap*, 345 F.2d 170 (2d Cir. 1965). In the context of the entire charge it is clear that the District Court properly charged the jury on the issue of reasonable doubt and that there was no plain error in the charge.

Still another Court of Appeals voiced this disapproval of the equation of "reasonable doubt" with "substantial doubt" [6]:

> The objection made on this appeal is that "substantial" doubt is not the equivalent of "reasonable" doubt. We agree. Proof of guilt beyond a reasonable doubt would seem to require a greater evidentiary showing by the Government than proof of guilt beyond a substantial doubt. For this reason, we do not approve of the alternative statement that reasonable doubt means a substantial doubt. But here no objection was taken to the instruction as is required by F.R.Crim.P. 30, and we cannot say that the giving of this instruction in the context of this case constituted plain error under F.R.Crim.P. 52(b). [7]

**3.** *United States v. Muckenstrum*, 515 F.2d 568, 571 (5th Cir. 1975), *cert. denied*, 423 U.S. 1032, 96 S.Ct. 564, 46 L.Ed.2d 406 (1975).

**4.** *United States v. Christy*, 444 F.2d 448, 450–51 (6th Cir. 1971), *cert. denied*, 404 U.S. 949, 92 S.Ct. 293, 30 L.Ed.2d 266 (1971).

**5.** *Id.* at 450.

**6.** *United States v. Atkins*, 487 F.2d 257, 260 (8th Cir. 1973) (footnote omitted).

**7.** In a footnote the Court of Appeals added:
> Attempts to explain the term "reasonable doubt" do not usually result in making it clearer to the minds of the jury. *See Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, [137] 99 L.Ed. 150 (1954); *Miles v. United States*, 103 U.S. 304, 312, 26 L.Ed. 481 (1880); *United States v. Cole*, 453 F.2d 902, 906 (8th Cir.), cert. denied, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972).

*Id.*, n.2.

The Tennessee Supreme Court has made the point well in stating: [8]

We think that there is a significant difference between "reasonable" doubt and "substantial" doubt. The word substantial, according to Webster's New World Dictionary (1961), means "real; actual; true; strong; solid; firm; ample; large; or of substantial value". We think that when consideration is given to the definition and ordinary meaning of this word, there is little doubt but that its use tends to lessen the State's burden and as a natural corollary to increase the burden upon the defendant.[9]

As pointed out in appellant's brief: [10]

The experience of the Seventh Circuit is quite revealing. In *United States v. Bridges*, 499 F.2d 179, 186 (7th Cir. 1974), the court took the opportunity to note that an instruction that "reasonable doubt . . . is a substantial doubt" is objectionable and should be deleted from future instructions. In *United States v. Gratton*, 525 F.2d 1161, 1162 (7th Cir. 1975), the Court again characterized the instructions as objectionable. In *United States v. Crouch*, 528 F.2d 625 (7th Cir. 1976), the court, viewing the instructions as a whole, found no prejudice, and, while characterizing the instruction as "indeed suspect and definitely not preferred," declined to give retroactive effect to *United States v. Gratton, supra*. The Court cautioned, however, [h]ad this court's decision in *Gratton* been available for the trial court's consideration, it would be necessary to exercise our supervisory power and decide otherwise. *United States v. Crouch, supra* at 631 n.2.

More recently, in *United States v. Wright*, 542 F.2d 975 (7th Cir. 1976), *cert.*

denied, 429 U.S. 1073, 97 S.Ct. 810, 50 L.Ed.2d 790 (1977), the court again considered the *La Buy* "substantial rather than speculative" instruction and noted:

"[It] should now be clear . . . that a district court giving a reasonable doubt instruction containing the challenged equation notwithstanding a Rule 30 challenge can reasonably expect a reversal. We would assume further that district courts in view of the expressed dissatisfaction by this Court with the language would *sua sponte* eliminate the phrase from their set of standard instructions even in the absence of a Rule 30 objection." *Id.* at 988.

In short, the instruction of which appellant complains here is in disfavor among appellate courts generally. *See also United States v. Shaffner*, 524 F.2d 1021 (7th Cir. 1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976); *United States v. Fallen*, 498 F.2d 172 (8th Cir. 1974); *United States v. Alvero*, 470 F.2d 981 (5th Cir. 1972). However, there has been reluctance to reverse because of the use of the instruction—at least absent an objection by defense counsel or a request for clarification.

Our precedent leads to a similar conclusion. In *United States v. Kloh*, 10 U.S.C. M.A. 329, 27 C.M.R. 403 (1959), we ruled that we would not entertain an attack for lack of clarity or precision in an instruction defining reasonable doubt since there had been no defense request at trial for clarification. Appellate defense counsel contend that *Kloh* has been implicitly overruled by such cases as *United States v. Grunden*, 2

---

**8.** *Smith v. State*, 547 S.W.2d 925, 927 (Tenn. 1977), *cert. denied*, 434 U.S. 849, 98 S.Ct. 159, 54 L.Ed.2d 117 (1977).

**9.** More graphically, Justice Seiler of the Missouri Supreme Court observed:

"Reasonable" and "substantial" are not synonymous, as can be seen by referring to any of the standard dictionaries. The point was well put by counsel in argument recently where he pointed out that if one had to undergo a serious operation and were querying

the doctor as to the prospects for a successful outcome, how differently the person would feel if the doctor told him there was only a reasonable chance of success as opposed to being told there was a substantial chance for success.

*State v. Davis*, 482 S.W.2d 486, 490 (Mo.1972) (concurring in result).

**10.** Final Brief on Behalf of Accused Pursuant to Rule 22(b), at 6.

M.J. 116 (C.M.A.1977), and *United States v. Graves*, 1 M.J. 50 (C.M.A.1975). We disagree. While these cases have imposed on military judges a burden to instruct *sua sponte* on certain issues, they do not relieve defense counsel of the obligation to seek clarification of instructions which deal with an issue but do so in unclear, imprecise, or ambiguous language. This is especially true when, as here, the questionable language has long been in use, is coupled with a correct exposition of reasonable doubt, and is susceptible to an inoffensive interpretation.

In the case at hand, an extensive hearing took place on proposed instructions—as reported in 20 pages of the record of trial. At the end of the lengthy instructions given by the military judge, he specifically asked trial counsel and defense counsel if either had objections to the instructions he had given or a request for additional instructions. They responded in the negative. Under these circumstances and in the context of the whole charge, we cannot conclude that appellant was prejudiced by the reference to substantial doubt. However, because of its confusing nature, any such reference should be avoided in future instructions.

The decision of the United States Army Court of Military Review is affirmed.

Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

I acknowledge that the Federal courts disfavor the use of the word "substantial" to define reasonable doubt and perhaps its use should be discontinued. However, the Court implicitly approved the use of "substantial" in *United States v. Kloh*, 10 U.S.C. M.A. 329, 27 C.M.R. 403 (1959), and paragraph 74a(3), Manual for Courts-Martial, United States, 1969 (Revised edition), defines "reasonable doubt" as a "substantial misgiving." In view of the reliance on existing law, any modification should be applied prospectively only. *See United States v. Crouch*, 528 F.2d 625, 631 n.2 (7th Cir. 1976), *cert. denied*, 429 U.S. 900, 97 S.Ct. 266, 50 L.Ed.2d 184 (1976); *United States v. Cannon*, 5 M.J. 198 (C.M.A.1978). Additionally, I would not apply a *per se* reversible error rule to those cases where "substantial" is used but, rather, I would examine all the circumstances to determine if the accused have been prejudiced. *See Taylor v. Kentucky*, 436 U.S. 478, 488, 98 S.Ct. 1930, 1936, 56 L.Ed.2d 468 (1978).