**UNITED STATES, Appellee,**

v.

**Russell Owen COTTEN, Electrician's Mate Fireman, U.S. Navy, Appellant.**

No. 38,924.
NCM 79 1641.

U. S. Court of Military Appeals.

Feb. 9, 1981.

1. The appellant was tried before a special court-martial convened by Commanding Officer, U.S. Naval Station, Norfolk, Virginia, on 13 specifications of sale, transfer and possession of both marihuana and lysergic acid diethylamide, in contravention of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Appellant was tried by a court consisting of members and, contrary to his pleas, on May 31, 1979, was convicted of the Charge and all specifications. Appellant was sentenced to be reduced to pay grade E–1, confined at hard labor for 3 months, and discharged from the service with a bad-conduct discharge. On July 18, 1979, the convening authority approved the sentence subject to a suspension of all confinement in excess of 85 days. The supervisory authority, on August 15, 1979, also approved the sentence with the same modification regarding confinement. The United States Navy Court of Military Review affirmed the findings and sentence, and this Court, on June 11, 1980, granted the petition for review. (9 M.J. 139).

For Appellant: *Captain James P. Axelrod,* USMC (argued); *Commander Walter J. Landen,* JAGC, USN, *Lieutenant Gregory J. Garner,* JAGC, USNR-R (on brief).

For Appellee: *Captain Craig L. Kemmerer,* USMCR (argued); *Commander T. C. Watson, Jr.,* JAGC, USN (on brief).

*Opinion of the Court*

FLETCHER, Judge:

As part of his general instructions to the court-martial members trying appellant [1], the military judge quoted [2] the following language:

> [B]y reasonable doubt, it is intended not a fanciful and ingenious doubt or conjecture but substantial, honest, conscientious doubt suggested by the material evidence, or lack of it, in the case. It is an honest, substantial misgiving generated by insufficiency of proof of guilt.

This followed a prior reference in the military judge's preliminary instructions that reasonable doubt was defined as "substantial" doubt.[3] After the general instructions, the defense counsel entered a strong objection to this equation of "reasonable doubt" with so-called "substantial doubt." As an alternative, the defense counsel proffered an instruction [4] which had no refer-

2. This is from paragraph 2–4, *Department of the Army Pamphlet* 27–9, *Military Judges' Guide* (19 May 1969).

3. "Reasonable doubt may be briefly defined as a substantial, honest, conscientious doubt, suggested by the material evidence, or lack of it."

4. PROPOSED DEFENSE FINDINGS INSTRUCTION I:

> You are instructed that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt shall be resolved in favor of the accused and you must acquit him. A "reasonable doubt" is what the words imply, a doubt founded in reason arising from the evidence, or from a lack of it, after consideration of all the evidence. A "reasonable doubt" is not a flimsy, fanciful, imaginative, or fictitious doubt, since such doubts can be raised about anything and everything in the human experience. Rarely, if ever, can anything be proved

ence to "substantial doubt." The defense counsel's objection was overruled and his offered instruction rejected. We conclude this equation was improper and prejudicial to the appellant.

Very early in the history of this Court we ruled that absent a request a law officer had no duty to define "reasonable doubt." *United States v. Soukup,* 2 U.S.C.M.A. 141, 7 C.M.R. 17 (1953).[5] All that the Code and Manual required was that he inform the court members that the guilt of the accused must be "established . . . beyond reasonable doubt" and that any "reasonable doubt . . . must be resolved in favor of the accused." Article 51(c)(1)–(4), Uniform Code of Military Justice, now 10 U.S.C. § 851(c)(1)–(4); paras. 73(*b*)(1)–(4), 73(*c*), Manual for Courts-Martial, United States, 1951; *United States v. Offley,* 3 U.S.C.M.A. 276, 12 C.M.R. 32 (1953).

"[B]eyond reasonable doubt" is the constitutionality required standard. As such, a proper instruction on this issue "is indispensable, for it 'impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue,' " *In*

*Re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), and is thus "a prime instrument for reducing the risk of convictions resting on factual error." *Id.* at 363, 90 S.Ct. at 1072. *See United States v. Pinkney,* 551 F.2d 1241, 1243–44 (D.C.Cir. 1976).

We have recently made clear in *United States v. Salley,* 9 M.J. 189 (C.M.A.1980), that the equation of "reasonable doubt" with "substantial doubt" is in disfavor with appellate courts generally[6] and that any such reference to this equation should be avoided in military tribunals.

Despite nearly universal federal-court condemnation of equating "substantial doubt" with "reasonable doubt" and our disapproval in *United States v. Salley, supra,* such error continues to be perpetuated in the standard military judges' instruction.[7] We agree with appellate defense counsels' observation that merely because an instruction is "standard" does not mean that it is either correct or adequate.[8]

We are called upon in this case—in light of defense objection to the improper in-

to an absolute or mathematical certainty, and such a burden is not required of the Government here. Rather, a "reasonable doubt" is a doubt which would cause a reasonably prudent person to hesitate to act in the more important and weighty of his own personal affairs. In considering the evidence in this case, before you may vote for a finding of guilty, you must be convinced to a moral certainty of the accused's guilt and you must be satisfied that the evidence is such as to exclude every fair and rational hypothesis or theory of innocence. If you are not so convinced and satisfied, then it is your duty to find the accused not guilty.

5. We do not imply that "some definition of 'reasonable doubt' is [not] desirable" or required in certain cases. *United States v. Soukup,* 2 U.S.C.M.A. 141, 144, 7 C.M.R. 17, 20 (1953). Failure to explain reasonable doubt may constitute error where the request is appropriately made at trial. *United States v. Crumb,* 10 M.J. 520 (A.C.M.R.1980). This instructional responsibility, however, calls for the finest exercise of the trial judge's craft and mere recourse to a thesaurus may result in unnecessary error.

6. *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *Miles v. United States,* 103 U.S. 304, 26 L.Ed. 481 (1880); *Unit-*

*ed States v. Wright,* 542 F.2d 975 (7th Cir. 1976), *cert. denied,* 429 U.S. 1073, 97 S.Ct. 810, 50 L.Ed.2d 790 (1977); *United States v. Crouch,* 528 F.2d 625 (7th Cir. 1976); *United States v. Gratton,* 525 F.2d 1161 (7th Cir. 1975); *United States v. Shaffner,* 524 F.2d 1021 (7th Cir. 1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976); *United States v. Bridges,* 499 F.2d 179, 186 (7th Cir. 1974); *United States v. Fallen,* 498 F.2d 172 (8th Cir. 1974); *United States v. Atkins,* 487 F.2d 257 (8th Cir. 1973); *United States v. Alvero,* 470 F.2d 981 (5th Cir. 1972); *United States v. Cole,* 453 F.2d 902 (8th Cir. 1972), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972); *Smith v. State,* 547 S.W.2d 925 (Tenn.1977), *cert. denied,* 434 U.S. 849, 98 S.Ct. 159, 54 L.Ed.2d 117 (1977); *State v. Davis,* 482 S.W.2d 486 (Mo.1972) (Seiler, J., concurring in the result).

7. It is noteworthy, however, that the Air Force, *Court-Martial Instructions Guide,* para. 2–5E, AFM–111–1 (1971), defines reasonable doubt by not including the suspect language.

8. *See* Fletcher, "Instructions—An Under-Utilized Opportunity for Advocacy," 10 The Advocate 7 (1978).

structions and his other affirmative action—to rule on whether this appellant was prejudiced by reference to substantial doubt. *See Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978). While there has been a general unwillingness in appellate courts to reverse because of this equation, appellate defense counsel before us argue several grounds which, they assert, warrant the strong remedy of reversal. "[B]ecause the burden of proof beyond a reasonable doubt is 'one of the fundamental components of due process,' we must be able to declare a belief that any error was harmless beyond a reasonable doubt." *United States v. Pinkney, supra* at 1245 (footnote omitted). Under this record, we are compelled to reverse.

An underlying prerequisite in those appellate cases reversing on this issue, which we have previously cited, is that the defense counsel properly register his objection to the improper equation of "reasonable doubt and substantial doubt." Likewise, *Salley* explicitly encourages defense objection to such an incorrect instruction in military courts. We look with favor on trial defense counsel's attempt here to avoid the prejudice now apparent.

This was a highly contested drug case with controverted testimony from two government witnesses, and the appellant completely denied the charge on which he was ultimately convicted. In this case a proper jury understanding of "reasonable doubt" was essential. Here, however, the military judge made an absolute equation of "substantial doubt" with "reasonable doubt." This required the jury to make its decision based on a lesser evidentiary standard. *United States v. Atkins*, 487 F.2d 257, 260 (8th Cir. 1973). Furthermore, the trial counsel urged the members to believe that the evidence in contest was "clear and convincing." Evaluating such in the factual light of this case, we do not believe these errors are harmless.

Appellate defense counsel urge that the language in the standard guide which defines reasonable doubt as the kind of doubt on which a person would be willing to act is improper. In defense instructions it was asserted that "a 'reasonable doubt' is a doubt which would cause a reasonably prudent person to *hesitate to act* in a more important and weighty of his own personal affairs." (Emphasis added.) This phraseology was sanctioned by the United States Supreme Court in *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954); consequently, the "willing to act" language present in the standard instruction is likewise erroneous.

In light of the foregoing as well as our examination of the instructions issued in this case and the evidence in the entire record, we do not believe the error was harmless.

The decision of the United States Navy Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge EVERETT concurs.

COOK, Judge (dissenting):

I have scrutinized the record and am satisfied that the accused was not prejudiced by the instruction in issue, especially as other instructions stressed that a finding of guilty depended upon whether the court members believed, beyond a reasonable doubt, that the purchase of a prohibited substance from the accused, to which the government witnesses testified, took place, in the face of accused's testimony that he had never seen the government witnesses "before yesterday," when he saw them "out in the hall." *See* my separate opinion in *United States v. Salley*, 9 M.J. 189, 193 (C.M.A.1980). I would, therefore, affirm the decision of the United States Navy Court of Military Review.