**UNITED STATES, Appellee,**

v.

**Private E2 Melvin TAYLOR, SSN 122–52–2320, United States Army, Appellant.**

**SPCM 15192.**

U. S. Army Court of Military Review.

27 Feb. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Charles A. Byler, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, and Captain Paul G. Thomson, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Pursuant to his pleas, appellant was convicted of failure to repair and willful disobedience of a superior commissioned officer in violation of Articles 86 and 90, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 890 (1976), respectively. He pleaded not guilty to aggravated assault, but was found guilty, by substitutions and exceptions, of assault and battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (1976). His approved sentence includes a bad-conduct discharge, four months confinement, forfeiture of $299.00 pay per month for four months, and reduction to Private E–1.

We must determine whether the military judge erred to the substantial prejudice of appellant by equating "reasonable doubt" with "substantial doubt" and defining a reasonable doubt as a doubt on which a person would be "willing to act", in his instructions to the court-martial members trying appellant. The reasonable doubt instruction in question was taken from the Military Judge's Guide (page 2–6, Depart-

ment of the Army Pamphlet 27–9, 19 May 1969).

Trial defense counsel objected to the military judge's instruction and offered an alternative. Both the trial judge's instruction and that proffered by the defense were identical to those considered in *United States v. Cotten*, 10 M.J. 260 (C.M.A.1981). The trial defense counsel's objection was overruled and his proposed instruction was rejected. This was error of Constitutional dimension because the burden of proof beyond a reasonable doubt is a fundamental component of due process. Thus we must reverse unless we are convinced that this error was harmless beyond a reasonable doubt. *United States v. Cotten, supra*, at 262. *See also United States v. Salley*, 9 M.J. 189 (C.M.A.1980).

In *United States v. Salley, supra*, the Court of Military Appeals characterized the equation of reasonable doubt with substantial doubt as confusing in nature, noted that it is generally in disfavor among appellate courts and directed that it not be used in the future. The *Salley* court, nevertheless, failed to find prejudice to the accused because of long usage of the term "substantial," the fact that it was coupled with a correct exposition of reasonable doubt, its susceptibility to an inoffensive interpretation, and the failure of the defense counsel to object.

In *Cotten, supra* at 262, the Court of Military Appeals, noting that the trial defense counsel objected to the reasonable doubt instruction given and proposed a proper substitute, found prejudicial error. The case was factually controverted and the accused completely denied the charge on which he was convicted. Consequently, the Court concluded that a proper jury understanding of "reasonable doubt" was essential.

The record before us reveals no such problems. The Government's evidence of appellant's guilt of assault and battery was overwhelming. Appellant's direct testimony clearly established that he was the aggressor because of his continuing resentment of an earlier derogatory remark made by his victim and that the latter's reaction was limited to reasonable efforts to ward off appellant's blows. Appellant's answers to cross-examination by the trial counsel and questions by the military judge only peripherally raised the issue of self-defense which appeared at best as an uncertain afterthought rather than an integral part of appellant's defense. Consequently, our review of the record convinces us that the instructional error was harmless beyond a reasonable doubt.

Appellant's remaining allegation of error is without merit. *United States v. Mack*, 9 M.J. 300 (C.M.A.1980).

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL and Judge WATKINS concur.