UNITED STATES, Appellee,

v.

Kerwin R. BROOKS, Specialist Four,
U. S. Army, Appellant.

No. 39,584.

CM 438933.

U. S. Court of Military Appeals.

Aug. 24, 1981.

For Appellant: *Captain Courtney B. Wheeler* (argued); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner,* and *Major Jerome E. Kelly* (on brief).

For Appellee: *Captain John P. Galligan* (argued); *Colonel R. R. Boller, Major Ted B. Borek, Major Robert B. Williams* (on brief); and *Major Douglas P. Franklin.*

*Opinion of the Court*

PER CURIAM:

■ During the instructional phase of appellant's general court-martial [1] before a panel of officer members, the military judge instructed the court in accordance with the standard military reasonable doubt instructions contained in paragraphs 2–4, Department of the Army Pamphlet 27–9, *Military Judges' Guide* (May 19, 1969). At trial the defense counsel objected with extensive specificity to the equation of reasonable and substantial doubt and he offered, unsuccessfully, alternative instructions. We have granted this case to consider the accused's continued assertion of this error. Based on our opinion in *United States v. Cotton,* 10 M.J. 260 (C.M.A.1981), under the facts present in this contested rape case, we agree that the instructions were erroneous.

*Cotton* condemns any equation of "substantial doubt" with the constitutionally required standard of "beyond a reasonable doubt." While the trial of the instant case predates both *Cotton* and *United States v. Salley,* 9 M.J. 189 (C.M.A.1980), these cases do not enunciate new law but resolve the question presented on the basis of the authoritative constitutional standard. Indeed, the authorities urged by the trial defense counsel in his objection to the standard instruction, if they had been followed by the military judge, would have avoided the prejudice now apparent.

1. Tried by a general court-martial with members, the appellant was found guilty—pursuant to his pleas—of the use of marihuana, and contrary to his pleas, of rape, in violation of Articles 134 and 120, Uniform Code of Military Justice, 10 U.S.C., §§ 934 and 920, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 10 years, forfeiture of all pay and allowances, and reduction to E–1. The convening authority approved and the intermediate court affirmed the findings and sentence. We granted review (10 M.J. 92) to consider whether "[t]he military judge erred in refusing to give a defense requested instruction on reasonable doubt."

Without reviewing all of the facts surrounding the charge of rape in the case *sub judice*, suffice it to say that resolution depended on the conflicting accounts from the victim and appellant, neither inherently unworthy of credibility nor free from contradiction. Thus, this was a case ripe for resolution under the standard of reasonable doubt and we cannot consider harmless the military judge's absolute equation of "substantial doubt" with "reasonable doubt."

The decision of the United States Army Court of Military Review is reversed as to Charge I and its specification and the sentence. The findings of guilty as to Charge I and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on this charge and the sentence may be ordered.

COOK, Judge (dissenting):

As the present trial predated both *United States v. Cotton*, 10 M.J. 260 (C.M.A.1981), and *United States v. Salley*, 9 M.J. 189 (C.M.A.1980), I would affirm the decision of the United States Army Court of Military Review. *See* my separate opinion in *United States v. Salley, supra* at 193.