UNITED STATES, Appellee,

v.

Private First Class Ronald D. CHERRY,
U.S. Army, Appellant.

No. 40,047.
SPCM 14212.

U.S. Court of Military Appeals.

Dec. 6, 1982.

For Appellant: *Captain Guy J. Ferrante*
(argued); *Colonel Edward S. Adamkewicz,*

*Jr., Major Raymond C. Ruppert, Major
James F. Nagle* (on brief); *Colonel William
G. Eckhardt, Lieutenant Colonel John F.
Lymburner, Lieutenant Colonel R. Rex
Brookshire II, Major Charles A. Byler and
Captain Warren G. Foote.*

For Appellee: *Captain James C. Under-
hill, Jr.* (argued); *Colonel R.R. Boller, Ma-
jor John T. Edwards, Captain Kenneth H.
Clevenger* (on brief); *Major Joseph A. Reh-
yansky.*

Opinion of the Court

PER CURIAM:

The Court granted review of three issues
in this case:

I

THE MILITARY PANEL WHICH
TRIED THE APPELLANT WAS IM-
PROPERLY CONSTITUTED.

II

THE MILITARY JUDGE ERRED IN
GIVING THE STANDARD "REASONA-
BLE DOUBT" INSTRUCTION CON-
TAINED IN THE MILITARY JUDGES'
GUIDE RATHER THAN THE IN-
STRUCTION PROPOSED BY THE DE-
FENSE (APPELLATE EXHIBIT IV).

III

THE MILITARY JUDGE ERRED IN
REFUSING TO GIVE A SELF–DE-
FENSE INSTRUCTION ON CHARGE
II, SPECIFICATION I (ASSAULT).

Our answer to the second granted issue is
determinative in this case and requires re-
versal of the decision of the United States
Army Court of Military Review.

The defendant pleaded guilty to one spec-
ification of failure to repair, in violation of
Article 86, Uniform Code of Military Jus-
tice, 10 U.S.C. § 886. Another failure-to-
repair specification was dismissed on mo-
tion of trial counsel. All the remaining

charges and specifications concerned incidents that occurred on the 26th day of April 1979, while the accused was enroute to and at the firing range. The record reveals that these charges were keenly contested. The accused pleaded not guilty to all of these charges, presented three witnesses, and took the stand in his own behalf to contest the Government's evidence. The Government had presented its evidence from four witnesses. The accused was acquitted of five of the nine offenses that were sent to the jury.[1]

The trial defense counsel objected to the reasonable-doubt instruction [2] offered by the trial judge. Not only did counsel object, but he proffered in substitution an instruction that did not equate "reasonable doubt" with "substantial doubt." The trial judge declined the proffered instruction. This was error. *United States v. Salley,* 9 M.J. 189 (C.M.A.1980).

In *United States v. Brooks,* 11 M.J. 420 (C.M.A.1981), a majority of this Court formally announced that the rule for prejudice stated in *United States v. Cotten,* 10 M.J. 260 (C.M.A.1981), was retroactive. This case was on direct appeal at that time. Article 67, UCMJ, 10 U.S.C. § 867. The rule stated is that where the trial defense counsel registers his objection to the improper equation of "reasonable doubt" and "substantial doubt" in the instruction to the jury and the case is "highly contested," there will be grave doubt cast as to whether the error is harmless.

■ The Court of Military Review issued its opinion in this case subsequent to this Court's opinion in *United States v. Salley, supra,* but prior to this Court's opinion in

*United States v. Cotten, supra.* The Court of Military Review concluded that, after looking at all the evidence and instructions, there was no prejudice to the accused. Generally, this Court will not disturb an opinion of the Court of Military Review as to factual conclusions found by that court. We do, though, have the primary responsibility to insure that the Courts of Military Review properly apply the law to those facts.

■ Taking into consideration our holdings in *United States v. Salley, United States v. Cotten,* and *United States v. Brooks,* all *supra,* all of which have their root in *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), we conclude from the facts set forth herein that there was a fair risk of prejudice resulting in a violation of the accused's right to a fair trial.

In matters of this nature, it is of particular importance in determining whether the accused has been prejudiced not merely to review the record as to the facts and *de novo* decide the accused's guilt; but to consider whether at the time the erroneous instruction was given over objection, a correct instruction *could* have led to a different verdict. We believe that it could have in the present case.

In commenting briefly on the first assigned error, we have grave doubt whether the panel which tried appellant was properly constituted. Without ruling that it was reversible error at this time, we cast a jaundiced eye on the procedures purportedly used in the present case for selection of members to sit on the jury at this court-

---

1. Appellant was found guilty of assault on a noncommissioned officer and disrespect to a noncommissioned officer, in violation of Article 91, Uniform Code of Military Justice, 10 U.S.C. § 891. He was also found guilty of two specifications of wrongful communication of a threat, in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced by the members of this court-martial to a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $250 pay per month for 6 months, and reduction to E–1. The convening authority approved the sentence.

2. *See* para. 2–4, DA Pamphlet 27–9, *Military Judges' Guide* (May 19, 1969). Appellant further requested that the words "willing to act" be replaced with the words "hesitate to act" in the challenged instruction and that a statement be included that the evidence must exclude every fair and rational hypothesis or theory of innocence before a conviction may occur. These questions are not decided in the present case and the latter was granted for review in *United States v. Gay,* Dkt. No. 44,046 (October 4, 1982).

martial and for replacement of any court member who was excused. *See United States v. Aho,* 8 M.J. 236 (C.M.A.1980). We agree with Senior Judge Jones, concurring in *United States v. Crumb,* 10 M.J. 520, 527 (A.C.M.R.1980), wherein he stated:

By involving the Chief Trial Counsel in the "culling" process and the Trial Counsel in the replacement scheme, however, the authorities needlessly injected an appearance of evil into the procedure that should have been avoided.

Because of our resolution of the second granted issue, we find it is unnecessary to consider the remaining granted issue.

The decision of the United States Army Court of Military Review is reversed as to all Charges and specifications to which the accused did not enter a plea of guilty and the sentence. Those findings and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered as to the affected Charges and the sentence.