UNITED STATES, Appellee,

v.

Specialist Four John L. BURRELL, U.S.
Army, Appellant.

No. 42,133.

CM 439670.

U. S. Court of Military Appeals.

April 25, 1983.

For Appellant: *Colonel Edward S. Adam-
kewicz, Jr., Major Raymond C. Ruppert,
Captain Gunther O. Carrle, Captain Joseph
A. Russelburg* (on brief).

For Appellee: *Lieutenant Colonel John
T. Edwards, Major Michael L. DeBusk* (on
brief); *Colonel R.R. Boller.*

Opinion of the Court

PER CURIAM:

 Appellant's conviction [1] by a gen-
eral court-martial with members involves
the instructional error we denounced in
*United States v. Cherry,* 14 M.J. 251 (C.M.
A.1982); *United States v. Brooks,* 11 M.J.
420 (C.M.A.1981), and *United States v. Cot-
ten,* 10 M.J. 260 (C.M.A.1981). *See United
States v. Salley,* 9 M.J. 189 (C.M.A.1980).
Unlike the facts found in *United States v.
Brooks, supra,* the record in this case re-
veals no specific objection made by trial
defense counsel to the standard instruction
recited by the military judge. However,
prior to the judge's instruction, defense
counsel proposed an alternative instruction
on reasonable doubt which was expressly
rejected by the military judge who incor-
rectly stated:

> The defense request [sic] instruction
> marked Appellate Exhibit XL, is denied.
> Instead the standard instruction on rea-
> sonable doubt that has been tested, prov-
> en to be valid will be given.

Thus, defense submission of this curative
alternative instruction was sufficient to
preserve this error of constitutional dimen-
sion; and, as in *United States v. Brooks,
supra,* we apply the rule retroactively.
Furthermore, we are unable to agree with
the lower court that the error was non-prej-
udicial. This case must be distinguished
from *United States v. Martin,* 13 M.J. 66
(C.M.A.1982). There, it was clear on the
record that defense counsel voiced no objec-
tion to the impermissible equation of rea-
sonable doubt with substantial doubt but
"merely voiced his concern relative to the
appropriateness of 'willing to act' lan-

---

1. Appellant was convicted of kidnapping, adul-
tery, and rape, in violation of Articles 134 and
120, Uniform Code of Military Justice, 10
U.S.C. §§ 934 and 920, respectively. He was
sentenced to a dishonorable discharge, 20
years' confinement at hard labor, total forfei-
tures, and reduction to the grade of E–1. These
findings and sentence were approved by the
convening authority and affirmed by the Court
of Military Review.

guage." *Id.* at 67. This is not the central problem resolved by *United States v. Cotten, supra,* and therefore we declined to credit counsel for a diffused critique. Here the record reveals nothing regarding the out-of-court hearing attended by judge and counsel. We are, thus, unable to evaluate the nature of defense counsel's objection to the standard (but incorrect) reasonable doubt instruction. However, focusing on his proposed alternative we conclude it focuses on the constitutionally required standard of "beyond a reasonable doubt," and its submission, absent evidence to the contrary, constitutes sufficient objection to the improper equation recited by the military judge.

As the remedy here requires setting aside the findings and sentence, we need not address the additional granted issue. We reverse the decision of the United States Army Court of Military Review and set aside the findings and sentence. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.