UNITED STATES, Appellee,

v.

James E. SMITH, Jr., Sergeant,
U.S. Army, Appellant.

Nos. 66,543.

CM 8903861.

U.S. Court of Military Appeals.

Argued Jan. 9, 1992.

Decided July 29, 1992.

For Appellant: *William J. Holmes* (argued); *Captain Michael J. Berrigan* (on brief).

For Appellee: *Captain Glenn L. Kirschner* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Captain Timothy W. Lucas, Captain Gregory T. Baldwin* (on brief); *Captain Randy V. Cargill.*

*Opinion of the Court*

GIERKE, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of one specification of wrongful distribution of amphetamines, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The adjudged and approved sentence imposed a dishonorable discharge, confinement for 4 years, total forfeitures, and reduction to the lowest enlisted grade. The Court of Military Review affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FAILING TO GIVE NECESSARY AND APPROPRIATE INSTRUCTIONS TO THE MEMBERS CONCERNING EVIDENCE OF APPELLANT'S GOOD CHARACTER.

The facts were summarized by the Court of Military Review as follows:

The appellant was charged with wrongfully distributing amphetamines on 2 April 1989 to a registered source just outside a Burger King restaurant that

was adjacent to a U.S. Army kaserne in Aschaffenberg, Germany. Three Criminal Investigation Command (CID) agents observed various portions of the drug transaction as the appellant transferred an envelope containing several packets of the controlled drug to a registered source. The appellant and the source entered the restaurant, where the source immediately passed on the packets to one of the CID agents. Although the source did not testify at trial, one agent testified that he saw the transfer of the envelope from the appellant to the source, and all three agents identified the appellant as the person who was involved in the transaction. Most significantly, a latent fingerprint from the appellant was discovered on the inside surface of the paper folded around the drugs in one of the packets.

Unpub. Op. at 1–2.

Appellant did not testify. The defense called one witness to testify that the CID agents' view of appellant would have been obscured by shrubberies and customers at the Burger King where the transaction allegedly took place. The defense then presented a stipulation of the expected testimony of appellant's platoon sergeant, which stated:

> Sergeant Smith is an excellent, all-around NCO. I would rate him a 9 on a scale of 1 to 10, 10 being the highest. He takes the initiative and acts responsibly and responsively both up and down the chain. He is concerned for the welfare of his troops and he works well with all levels of authority. He requires little or no supervision and can be counted on to accomplish the mission.

> In my opinion, Sergeant Smith is a law-abiding individual and it would be out of his character as I know it for him to distribute drugs. I would not hesitate to go into combat with SGT Smith at my side, since I know he can be counted on.

During the hearing on instructions, the military judge granted a defense request to give an instruction on cross-racial identification. The defense did not request an instruction on good military character, and the military judge did not offer to give one. At the conclusion of the military judge's instructions on findings, he inquired whether counsel for either side had any objections to the instructions or requests for additional instructions. Counsel for both sides responded in the negative.

■ Appellant now contends that the military judge was required to instruct *sua sponte* on appellant's good military character. In a drug-distribution case evidence of good military character is relevant when the accused denies participating in the transaction. *United States v. Vandelinder*, 20 MJ 41 (CMA 1985); *United States v. Weeks*, 20 MJ 22 (CMA 1985). Upon request, an accused is entitled to an instruction calling attention to evidence of good military character. *United States v. Cooper*, 15 USCMA 322, 35 CMR 294 (1965). See RCM 920(e)(7), Discussion, Manual for Courts–Martial, United States, 1984. Good military character is not enumerated among the special defenses in RCM 916.

■ For instruction purposes, character evidence is on a par with other evidence. *See United States v. Pujana–Mena*, 949 F.2d 24, 31 (2d Cir.1991) ("It is sufficient for the trial judge to instruct the jury to consider character evidence along with all the other evidence...."); *see generally United States v. Burke*, 781 F.2d 1234, 1241 n. 3 (7th Cir., 1985) (summarizes treatment of character evidence in federal courts). Failure to request an instruction on good military character constitutes waiver in the absence of plain error. RCM 920(f). *Cf. United States v. Salley*, 9 MJ 189 (CMA 1980) (challenge to "reasonable doubt" instruction waived by failure to object). Based on our review of all the evidence, including the eyewitness testimony and appellant's fingerprint being on the paper inside the bag of amphetamine, we hold that the plain-error exception to RCM

920(f) does not apply. Accordingly, any objection to the military judge's omission of the good-military-character instruction was waived.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.