# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

_____

**No. ACM 39737 (f rev)**

_____

**UNITED STATES**
*Appellee*

**v.**

**Austin J. MAURER**
Airman First Class (E-3), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 21 May 2021

_____

*Military Judge:* Wesley A. Braun; Andrew R. Norton (remand).

*Sentence:* Sentence adjudged on 7 May 2019 by GCM convened at Moody Air Force Base, Georgia. Sentence entered by military judge on 3 June 2019 and reentered on 18 February 2020: Bad-conduct discharge, confinement for 5 months, and reduction to E-1.

*For Appellant:* Major Meghan R. Glines-Barney, USAF.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

Judge D. JOHNSON delivered the opinion of the court, in which Senior Judge LEWIS joined. Senior Judge MINK filed a separate opinion concurring in the result.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

D. JOHNSON, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of wrongful possession of cocaine with intent

to distribute; one specification of wrongful distribution of cocaine on divers occasions; one specification of wrongful distribution of 3,4-Methylenedioxymethamphetamine (MDMA) on divers occasions; one specification of wrongful use of cocaine on divers occasions; and one specification of wrongful use of MDMA on divers occasions, all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[1,2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1. The PTA had no effect on the sentence the convening authority could approve.[3] The decision of the convening authority is discussed in more detail below.

Although Appellant raised no issues on appeal, in light of *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.), we consider whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)).

We find the convening authority's decision memorandum contains error and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate.

## I. BACKGROUND

Appellant entered the Air Force on 12 September 2017. At the time of the offenses, he was assigned to Moody Air Force Base, Georgia.

In June 2018, Appellant and Airman First Class (A1C) SS were apprehended by agents from the Air Force Office of Special Investigations and local law enforcement while distributing cocaine to A1C SP behind a store in Valdosta, Georgia. Subsequent investigation led to evidence of the charged offenses.

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The specifications for the wrongful use and distribution of cocaine, and the wrongful use and distribution of MDMA were charged on divers occasions.

[3] Pursuant to the PTA, the convening authority agreed to withdraw and dismiss a charge and specification of conspiracy to wrongfully distribute cocaine in violation of Article 81, UCMJ, 10 U.S.C. § 881.

## II. POST-TRIAL PROCESSING

### A. Additional Background

On the same day that Appellant's court-martial adjourned, the military judge signed a Statement of Trial Results.[4] On 16 May 2019, trial defense counsel submitted a clemency request to the convening authority requesting deferment of both Appellant's reduction to the grade of E-1 and his automatic forfeitures until entry of judgment. Appellant also requested reduction of his period of confinement.

On 23 May 2019, the convening authority signed a Decision on Action memorandum with the following statements in it:

1. I take no action on the findings of this case.

2. I take no action on the sentence of this case.

3. Prior to coming to this decision, I consulted with my Staff Judge Advocate. Before declining to take action in this case, I considered matters timely submitted by the accused under R.C.M. 1106.

Additionally, the convening authority directed Appellant to take appellate leave upon completion of his confinement. The memorandum did not state whether the convening authority "approved" any portion of the adjudged sentence. We address this matter in our analysis below.

On 3 June 2019, the military judge signed the entry of judgment (EoJ) which entered into the record the sentence as adjudged. The EoJ also contained a statement showing that the findings and the sentence "reflect all post-trial actions by the convening authority."

Appellant's trial defense counsel was served a copy of the EoJ on 20 June 2019 and the convening authority's decision memorandum on 24 June 2019. No post-trial motions were filed alleging errors in the clemency process or that the convening authority's action was incomplete, irregular, or erroneous. *See* R.C.M. 1104(b)(1)(E)–(F); R.C.M. 1104(b)(2)(B).

Appellant's case was originally docketed with this court on 22 July 2019. On 13 December 2019 this court ordered the Government to show cause why this case should not be returned for correction of "the entry of judgment reflect-

---

[4] The statement of trial results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

ing the deferment information." On 13 January 2020, the Government responded this "Honorable Court should correct the error in this case," or should this court "decline to exercise its authority under [Rule for Courts-Martial (R.C.M.)] 1111(c), the Government recommends returning the Record of Trial to the Chief Trial Judge for the purpose of modifying the entry of judgment." Appellant did not submit any matters on this issue.

On 24 January 2020, we remanded this case to The Judge Advocate General for correction of the EoJ. This case was docketed with our court on 20 February 2020 with a corrected EoJ dated 18 February 2020 stating that Appellant "requested deferment of the portion of the sentence reducing him to the grade of E-1, as well as any automatic forfeitures, until the entry of judgment." Additionally, the convening authority "took no action on either the findings or sentence in this case." Appellant again submitted this case to the court without raising any issues.

Following the second docketing of Appellant's case, this court decided *Finco*, in which we addressed for the first time whether the convening authority's decision memorandum in that case, which indicated he took no action on the sentence, complied with Article 60, UCMJ, in effect on the date of the earliest offense of which the appellant was found guilty. Unpub. op. at *13–16. We examine the same issue in Appellant's case.

**B. Law**

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a R.C.M. provision are also questions of law that we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ, "in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence." *See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. 9889, 9890 (8 Mar. 2018). The version of Article 60, UCMJ, in effect on the date of the earliest convicted offense in this case, 1 April 2018, stated "[a]ction on the sentence of a court-martial shall be taken by the convening authority." 10 U.S.C. § 860(c)(2)(A) (2016 *MCM*).

**C. Analysis**

We now consider what must be done, if anything, because the convening authority's decision memorandum did not explicitly state that he "approved"

each portion of the sentence contained in the EoJ. Appellant raises no error and claims no prejudice on this front.

We adhere to the approach we used in prior cases where the convening authority's decision memoranda stated no action was taken on the sentence. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *8–13 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *29–37 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (Lewis, S.J., concurring in part and in the result) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021); *Finco*, unpub. op. at *13–16.

Our approach begins with determining whether Appellant waived or forfeited the issue by not filing a post-trial motion within five days after receipt of the convening authority's decision memorandum to allege the action was incomplete, irregular, or contained error. *See* R.C.M. 1104(b)(2)(B). In our view, Appellant's opportunity to challenge the decision memorandum before the military judge and his failure to file such a motion warrants appropriate consideration. As we did in *Cruspero* and for the same reasoning, we find that Appellant's failure to file a post-trial motion forfeited his right to object to the accuracy of the memorandum, absent plain error. Unpub. op. at *11–13.

To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). We have applied the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency under the current post-trial processing system. *See, e.g.*, *Cruspero*, unpub op. at *12 (quoting *LeBlanc*, 74 M.J. at 660).

Applying the plain error test described above, just as in *Cruspero* and *Finco* we find such a colorable showing to be "apparent" as we are "unsure" whether the convening authority made a decision on a clemency request that could be granted. *Cruspero*, unpub. op. at *13; *Finco*, unpub. op. at *16. Under these circumstances, as in *Cruspero* and *Finco*, we determine that remand is the best method to remedy this error.[5]

---

[5] We also note the convening authority did not provide reasons for his denial of Appellant's deferment requests. Our superior court, the United States Court of Appeals for the Armed Forces, previously held convening authority denials of deferment requests shall be in writing and are reviewed for an abuse of discretion. *United States v. Sloan*, 35 M.J. 4, 6 (C.M.A. 1992) (citing R.C.M. 1101(c)(3)), *overruled on other grounds by*

## III. CONCLUSION

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision on action memorandum as no action was taken on Appellant's adjudged sentence as required by law.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.


MINK, Senior Judge (concurring in the result):

I agree with the conclusion of the majority with respect to remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as no action was taken on Appellant's adjudged sentence as required by law. However, I find the convening authority's decision to "take no action on the sentence" to be a "fundamental misstep in military justice procedure" as articulated by Chief Judge J. Johnson in his separate opinion, which I joined, in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *92–105 (A.F. Ct. Crim.

---

*United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018). Our court recently granted relief for a *Sloan* error in *United States v. Frantz*, No. ACM 39657, 2020 CCA LEXIS 404, at *42 (A.F. Ct. Crim. App. 10 Nov. 2020) (unpub. op.). *See* Article 57(b), UCMJ, 10 U.S.C. § 857(b); R.C.M. 1103. This court recently decided *United States v. Samudio*, where we held the convening authority erred by failing to put his decision on appellant's deferment request in writing but the error did not materially prejudice appellant's substantial rights. No. ACM S32620, 2021 CCA LEXIS 146 at *6–11 (A.F. Ct. Crim. App. 31 Mar. 2021) (unpub. op.). We defer further consideration on this issue until this case is returned for completion of appellate review.

App. 20 Nov. 2020) (en banc) (J. Johnson, C.J., concurring in part and dissenting in part) (unpub. op.), *rev. granted*, ___ M.J. ___, No. 21-0126, 2021 CAAF LEXIS 389 (C.A.A.F. 4 Mar. 2021). As such, I do not agree with the majority in conducting a plain error analysis. The convening authority's action must be "clear and unambiguous," and in this case it is not. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)). I further disagree with the majority's decision to test for prejudice.

Accordingly, I would find error and remand this case regardless of whether the Appellant was prejudiced.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court