UNITED STATES, Appellee,

v.

Private E–1 Peter R. LOMAX, SSN
411–02–2542, United States
Army, Appellant.

CM 441062.

U. S. Army Court of Military Review.

11 Feb. 1982.

Captain Edward J. Walinsky, JAGC, argued the cause for the appellant. With him on the brief was Major Charles A. Byler, JAGC.

Captain Kenneth H. Clevenger, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, and Major John T. Meixell, JAGC.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT AND ACTION ON PETITION FOR NEW TRIAL

MILLER, Judge:

Appellant was convicted of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (1976) by a court composed of officer and enlisted members. He was sentenced to a dishonorable discharge, confinement at hard labor for twenty years, and total forfeitures. The confinement in excess of fifteen years was later remitted by the Secretary of the Army acting on the recommendation of the Army Clemency Board.

Appellant's trial and conviction stems from the multiple rape of Esparanza Felicia Senior by nine or ten soldiers at Fort Davis, Panama on 29 June 1980. In large measure the Government's evidence came from the victim herself. She testified that she and her sister had come to Fort Davis to see the appellant and discuss an upcoming Fourth of July party. While talking outside a barracks, appellant invited her to his room. She refused. At this time a man approached and handed appellant a key. Appellant and Esparanza then went for a walk around the area. During the walk appellant was called away and told Esparanza to wait for him. While he was gone three soldiers came and forced her into a darkened barracks building. Appellant was there and he said he was trying to fix the lights. Instead the lights were completely turned out. One of her abductors led her upstairs and she was rushed into a room with appellant and three other soldiers. As she was being led upstairs she heard someone tell the appellant she was approaching. Inside the room the soldier who had given appellant the key was watching from the window, apparently, to see if anyone was coming. The appellant sat on the bed beside Esparanza and offered to run the others out of the room if she would consent to have sex with him. She refused. Thereupon one of the men began to touch her and lift up her skirt. She slapped him and turned to appellant to complain. He simply shrugged his shoulders. She began to

scream and her mouth was covered. The appellant then left the room. Esperanza was then stripped, held down, and "gang" raped by about ten men. Esperanza observed the appellant as one of the soldiers who later raped her.

Two other Government witnesses who testified observed some of the events during the rape, but did not observe the appellant as among the attackers.

In defense, appellant admitted being in the room before the rape occurred but denied participating in a plan to rape the victim. He also denied returning to the room and raping the victim.

At the close of the defense case-in-chief, the military judge advised counsel of the proposed instructions which included an instruction on the law of principals as suggested in paragraph 7-1 of the draft Military Judge's Benchbook. The defense counsel did not object to that instruction being given.

## I

■ Appellant now contends that the instruction on the law of principals was deficient in that it failed to advise the court members that the appellant could not be convicted of aiding and abetting or causing the commission of a crime unless they found his conduct to be "willful." At the outset we note that as the appellant failed to object to the instruction given by the military judge, his objection on appeal can be sustained only if there is plain error. *United States v. Salley*, 9 M.J. 189 (C.M.A.1980). See Mil.R.Evid. 103(d).

■ In Federal practice, "willfulness" is an element of the instruction on the law of principals, 18 U.S.C. § 2 (1948),[1] and federal case law emphasizes this element. *United States v. Newman*, 490 F.2d 139 (3d Cir. 1974); *United States v. Greer*, 467 F.2d 1064 (7th Cir. 1972). The inclusion of the term "willful" is to distinguish between

purposive conduct, which is required, and conduct that unintentionally causes the commission of an offense. Thus, to constitute an aider and abettor, it requires that an accused "in some sort associate himself with the [criminal] venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir. 1938). Similarly, to be guilty of willfully causing the commission of an offense requires that the accused knowingly participate in criminal conduct with the intention that the crime be committed. *United States v. Newman, supra.*

Article 77, UCMJ, 10 U.S.C. § 877 (1976) is the parallel statute that defines the law of principals as it is applicable in the military. This latter statute differs from the former in that the term "willfully" is lacking in that portion of the definition pertaining to one who "causes an act to be done." However, the Manual and case law make it clear that the definitions differ only in form and not substance. Military law similarly requires that the accused's conduct be "purposive," that is, knowing and intentional. *United States v. Ford*, 12 U.S.C.M.A. 31, 30 C.M.R. 31 (1960); *United States v. Lyons*, 11 U.S.C.M.A. 68, 28 C.M.R. 292 (1959); paragraph 156, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev)).

■ In this case, the instruction given by the trial judge contained elements of purposive conduct. In defining aider or abettor the trial judge required that the court members find that the appellant "share[d] the criminal intent or purpose of the person who actually commit[ed] the crime." Further, he advised, "[m]ere presence at the scene of the crime is not enough nor is failure to prevent the commission of the offense." Again, with regard to the definition of aider or abettor, the judge instructed that the court members must find that "the accused knew what was going on in

1. Subsection (b) provides "whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable

as a principal." *See also* §§ 12.01–12.04 Devitt and Blackmann, Federal Jury Practice and Instructions, Third Edition, 1977.

that room." The inclusion of those elements in the instruction removes the possibility that the accused could have been found guilty regardless of his intent. Although these elements were not specifically mentioned in that part of the instruction that dealt with causation, we are satisfied that the instruction taken as a whole, was satisfactory. As this part of the instruction was not so deficient that it could have given rise to a miscarriage of justice, it did not constitute plain error.

Appellant also questions the propriety of that part of the instruction pertaining to appellant's duty to interfere. Appellant argues that he had no duty to interfere, therefore, it was error to so instruct. *United States v. Sanders*, 14 U.S.C.M.A. 524, 34 C.M.R. 304 (1964). Assuming some responsibility existed for appellant to try to stop or report the crime, appellant argues that it is possible the court members concluded such a duty arose because of the accused's mere presence during the commission of the offense.

 While ordinarily a citizen has no legal duty to interfere with the commission of a crime merely because he knows it is happening, an exception exists where the accused intentionally acts to cause the peril or where the accused's conduct in aiding and abetting the principal assists in creating the danger. In such a case the accused's liability can be likened to that of a co-conspirator. He is liable for all reasonably foreseeable acts and he may not withdraw without an affirmative action that would have defeated the common purpose of the co-actors. *See United States v. Smith*, 623 F.2d 627 (9th Cir. 1980); *United States v. Mardian*, 546 F.2d 973 (D.C.Cir. 1976). As there was ample evidence here that the appellant either caused the peril or aided and abetted the commission of the offense, it was not error to instruct on a duty to interfere. *Cf. United States v. Waldron*, 11 M.J. 36 (C.M.A.1981). With regard to the argument that the court members may have concluded that such a duty arose because the appellant "failed to call the authorities when he knew the girl

was being molested," such a result is inconceivable since, coupled with this instruction, was the warning that "mere presence at the scene of the crime is not enough nor is failure to prevent the commission of the offense." Thus, the court members were clearly advised that knowledge of the offense alone was not enough. Had the appellant felt that this instruction needed further clarification or precision, he had a duty to object. In the absence of an objection, he cannot later complain that the instruction was vague. *United States v. Salley, supra.*

## II

In view of our conclusion that the instructions on the theory of principals were not inappropriate, we need not determine under which theory the appellant was convicted. *United States v. Pennington*, 21 U.S.C.M.A. 461, 45 C.M.R. 235 (1972).

 We find that there is ample support for the court members' finding that the appellant is guilty of rape either as an aider or abettor or as a participant and exercising our own factfinding powers under Article 66, UCMJ, 10 U.S.C. § 866, we similarly conclude that the appellant is guilty.

## III AND PETITION FOR NEW TRIAL

 We agree with appellate defense counsel that the staff judge advocate erred by misadvising the convening authority that he had no authority to grant a new trial as requested by the appellant prior to initial action on the record. Under Article 63, UCMJ, 10 U.S.C. § 863, a convening authority has the power to set aside the findings and sentence and authorize a rehearing. This error however is not prejudicial inasmuch as this Court has considered appellant's new request under Article 73, 10 U.S.C. § 873, and found the request inappropriate. In our view, the evidence, affidavits from co-actors already convicted of the rape, would probably not, in light of all other pertinent evidence, produce a more favorable result for the appellant. *United States v. Petersen*, 7 M.J. 981 (A.C.M.R. 1979), *pet. denied* 8 M.J. 273 (C.M.A.1980).

The affidavit of Morales is not properly considered as newly discovered evidence because he testified at trial and thus the information was already available. The affidavit of Captain Howry, concerning matters that essentially inhere in the deliberation process is not competent to impeach a verdict. *United States v. Bourchier*, 5 U.S. C.M.A. 15, 17 C.M.R. 15 (1954). Exceptions may be made where extraneous prejudicial information was improperly before the court members or where outside influences were improperly brought to bear but no such allegations are made here. *United States v. Hance*, 10 M.J. 622 (A.C.M.R.1980).

IV

Upon motion by appellate defense counsel, we have taken judicial notice of the records of trial of several co-actors now pending before this Court. These records reveal that appellant's sentence is much greater than that of any co-actor.[2] Simply because others involved in a crime received lesser sentences does not justify reducing an adjudged sentence. However, in such closely related cases, serious disparity may be a factor where no good and cogent reason exists for the substantial difference in punishment. *United States v. Kent*, 9 M.J. 836 (A.F.C.M.R.1980). Preferring to journey on the side of caution, we have determined that some amelioration of appellant's sentence is necessary and will do so in our decretal paragraph.

The findings of guilty are affirmed. Only so much of the sentence as provides for a dishonorable discharge, eleven years confinement at hard labor and total forfeitures is affirmed. Appellant's Petition for a New Trial is denied.

Senior Judge MITCHELL and Judge LEWIS concur.

---

2. The adjudged sentences to confinement appellant's co-actors received are ranked in severity as follows: ten years, five years, three years (twice), two years, eighteen months, and one year and a day. One soldier was acquitted and another received an administrative discharge in lieu of trial.