UNITED STATES, Appellee,

v.

Specialist Four Clifford FULLER, 363–74–6750, United States Army, Appellant.

ACMR 8700119.

U.S. Army Court of Military Review.

24 Sept. 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Byron J. Braun, JAGC, Captain Eva M. Novak, JAGC, Captain Karen L. Taylor, JAGC, Gregory B. Thornton, Legal Intern (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

On 7, 10, and 12 January 1987, appellant was tried by a military judge sitting as a special court-martial at Fort Polk, Louisiana. Pursuant to his pleas he was convicted of negligently suffering military property to be damaged and larceny, violations of Articles 108 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 908 and 921 [hereinafter UCMJ], respectively. He was sentenced to a bad-conduct discharge, confinement for two months, forfeiture of $400.00 pay per month for two months, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

During the providence inquiry, appellant testified that he and Private (PVT) Braddy had entered Private First Class (PFC) Moore's living area in the barracks with the intent to "trash" it. Once in PFC Moore's area PVT Braddy sprayed shaving cream on a wall locker, and appellant scattered magazines. At some point, as appellant was about to leave, PVT Braddy began unraveling toilet paper and attempted to set it on fire. Appellant asked PVT Braddy what he was doing and told him not to light the toilet paper. PVT Braddy set the paper on fire. Appellant panicked and ran

out of the building. The fire subsequently burned some toilet paper and a straw broom and scorched a small portion of a wall. This fire damage forms the basis for the charge of negligently suffering damage to military property.

■ The offense of negligently suffering military property to be damaged includes an element that "the damage was the result of neglect on the part of the accused." It is axiomatic that negligence in this situation is defined as damage caused by an act or failure to act by a person who is under a duty to use due care which demonstrates a lack of care for the property which a reasonably prudent person would have used under the same or similar circumstances. Dep't of Army, Pamphlet No. 27–9, Military Judge's Benchbook, para 3–67b, Note 2 (Cl, 15 Feb. 1985). During the providence inquiry, the following discussion took place concerning appellant's alleged omission of a duty:

MJ: Now what—what—where do you see the duty; what duty do you think you had under those circumstances?

ACC: Well, sir, I'm a fuel handler. All right. And I will go to classes—fuel handling classes on safety and fire prevention. And I feel that I should have, you know, put that fire out, knowing that part of my job is safety.

MJ: Was there anybody else in the building at the time?

ACC: I don't know, sir. It was dark.

MJ: So there could have been, I guess?

ACC: I don't know, sir.

MJ: I mean you don't—you're not—you're not sure that there was no one in the building?

ACC: No, sir, I'm not sure.

MJ: And did you report that fire to anybody else afterwards?

ACC: No, sir.

MJ: Now I defined negligence for you before. And that's the absence of due care. You remember me going over that with you?

ACC: Yes, sir.

MJ: It's a failure to act by a person who's under a duty to use due care under the circumstances. Are you satisfied that that's what happened that night, as far as you're concerned?

ACC: Yes, sir.

MJ: Do you think a reasonably prudent person would have taken steps to put that fire out under the circumstances?

ACC: Yes, sir.

MJ: And you didn't do that?

ACC: No, sir. I panicked, sir.

MJ: You panicked....

....

MJ: So you could tell that a fire had been started?

ACC: Yes sir.

MJ: And you say the reason you didn't do anything to put it out or tell anybody was you just panicked and ran from the building?

ACC: Yes, sir.[1]

(R. 217–220).

Appellant asserts that he was not a co-conspirator in the arson of the barracks room, that he was not an accomplice to that crime, and that he had no duty to stop the crime or thereafter put the fire out. Thus, he submits that his plea of guilty to negligently suffering damage to government property was improvident.

In this case there are two alternate theories that would support the appellant's conviction, the first that he was responsible as a result of his involvement in the crime as a co-conspirator or aider and abettor to the arson, see *United States v. Lomax,* 12 M.J. 1001 (A.C.M.R), *petition denied,* 13 M.J. 467 (C.M.A.1982), and the second that, irrespective of any involvement in the crime, he had an independent duty to stop or report the arson.

■ We agree that, based on the facts elicited during the providence inquiry, the existence of a conspiracy was not established nor, assuming a conspiracy existed, was it established that the arson was a natural and probable consequence of the conspiracy. We further find that the related facts do not establish that appellant was an aider and abettor to the fire. Indeed, he asserted that he attempted to dissuade PVT Braddy. *See United States v. Knud-*

1. There was no stipulation of the facts of the alleged offenses.

*son,* 14 M.J. 13, 15 (C.M.A.1982) (it is necessary to show some affirmative participation which at least encourages the participant to commit the offense before one could be an accomplice; it must also be established that there is a conscious sharing of criminal intent before an accused may be convicted as an aider and abettor). Appellant's statement indicating his lack of shared purpose as to the arson is inconsistent with a finding that he providently pleaded guilty as a aider and abettor. Article 45, UCMJ; 10 U.S.C. § 845; *United States v. Timmins,* 45 C.M.R. 249 (C.M.A. 1972).

■ Analyzing this case under the second theory, appellant's plea is provident if, under the facts related or assumed as a matter of law, he had a duty to either stop PVT Braddy from lighting the fire, or to put it out once it had been started. Further, it must be shown that, given such a duty, appellant's omission was the proximate cause of the damage in question.[2] While a co-conspirator or aider and abettor would have been under an obligation to interfere in order to escape criminal responsibility, there is no legal duty (absent an assigned duty, e.g. military policeman or guard) requiring a soldier to stop a crime in which he is not criminally involved. No general duty required appellant to put out the fire or protect government property. *United States v. O'Hara,* 34 C.M.R. 721 (N.B.R.1964). If a duty does exist, it must either be proved by the government or clearly established and admitted during the providence inquiry. In this case the only duty mentioned was that appellant, being a fuel handler, had been trained that part of his job was safety. Appellant, during the inquiry, concluded that, because of his job and job training, "I feel that I should have, you know, put that fire out, knowing that part of my job is safety." The law has been traditionally reluctant to find a general duty or requirement, for individuals without special duties, to either stop crime, report crime, rescue people or rescue property, and we decline to so find in this case. Judicial restraint and caution * militate

against expanding the definition of criminal activity or judicially increasing the responsibility of individuals to act to prevent crime or damage caused by criminal acts. *Cf. United States v. Heyward,* 22 M.J. 35, 36 (C.M.A.1986) (Everett, C.J. concurring) ("a conviction for failure to perform such a duty [to report crime based on Air Force regulation] can be sustained only if the Government establishes clearly that the accused had adequate notice of the duty involved.") Accordingly, we find that the providence inquiry failed to establish either a duty to act or that appellant's failure to act proximately caused the damage. To the contrary, the inquiry raised matters inconsistent with the guilty plea that were not resolved by the military judge. Since the providence inquiry fails to establish the appellant's guilt under either theory, it failed to establish criminal responsibility on the part of appellant. *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969).

Accordingly the findings of guilty of Charge I and its specification are set aside. The findings of guilty of Charge II and its specification are affirmed. The sentence is set aside subject to the condition hereafter stated. The same or a different convening authority may order a rehearing on Charge I and its specification and the sentence, which is conditionally set aside for the purpose of a rehearing. If the convening authority determines that a rehearing on Charge I and its Specification is impracticable, he may dismiss the charge and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence likewise is impracticable, he may reassess the sentence.

We have considered the issue personally asserted by appellant and find it to be without merit.

Senior Judge ADAMKEWICZ and Judge LYMBURNER concur.

---

**2.** It was never established that appellant would, under the circumstances related, have been able to prevent the damage incurred.

* Corrected.