# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32595

————————————

## UNITED STATES
*Appellee*

**v.**

## Kristofer J. CRUSPERO
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 24 November 2020

————————————

*Military Judge:* Christina M. Jimenez.

*Sentence*: Sentence adjudged on 2 April 2019 by SpCM convened at McConnell Air Force Base, Kansas. Sentence entered by military judge on 1 May 2019: Bad-conduct discharge, confinement for 4 months, forfeiture of $1,000.00 pay per month for 4 months, and reduction to E-1.

*For Appellant:* Major Stuart J. Anderson, USAF.

*For Appellee:* Major Zachary T. West, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, D. JOHNSON, and CADOTTE *Appellate Military Judges.*

Judge D. JOHNSON delivered the opinion of the court, in which Senior Judge LEWIS joined. Judge CADOTTE filed a separate opinion concurring in the result.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

D. JOHNSON, Judge:

Appellant was convicted, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of three specifications of wrongful use of cocaine, 3,4-methylenedioxymethamphetamine (commonly referred to as ecstasy), and lysergic acid diethylamide (commonly referred to as LSD), all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1,2]

A military judge sitting alone sentenced Appellant to a bad-conduct discharge, confinement for four months, forfeiture of $1,000.00 pay per month for four months, and reduction to the grade of E-1. The adjudged confinement was the same amount as the PTA's confinement cap. The military judge signed the Statement of Trial Results (STR) the same day that court adjourned.[3] After reviewing Appellant's clemency matters, the convening authority signed a decision memorandum on 17 April 2019 which stated, "I take no action on the sentence of this case."

On 1 May 2019, the military judge signed the entry of judgment (EoJ). *See* Rule for Courts-Martial (R.C.M.) 1111(b). The signed EoJ contains the following information on the sentence: "Punitive Discharge: Bad Conduct Discharge;" "Total Confinement: 4 months;" "Forfeitures of Pay and/or Allowances: $1,000.00 pay per month for 4 months;" and "Reduction in Pay Grade: E-1." The convening authority's decision memorandum was included as Attachment 2 to the EoJ. On 8 April 2019, Appellant submitted clemency matters through his defense counsel requesting reduction of his confinement term and forfeitures "that extend beyond 8 June 2019."

Appellant raises one assignment of error on appeal: whether his sentence is inappropriately severe. Additionally, we consider whether the convening authority's decision memorandum contains error when the convening authority

---

[1] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise noted, all other references to the UCMJ and to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant pleaded and was found guilty of divers uses of all three substances.

[3] The STR was inserted into the record of trial in accordance with R.C.M. 1101(a). This rule lists a number of required contents, including *inter alia* "the command by which [the court-martial] was convened." R.C.M. 1101(a)(3). The STR in this case included most of the required contents, and it indicated the squadron and major command to which Appellant was assigned, but it omitted the command which convened the court-martial. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.). We permit correction of the STR in our decretal paragraph.

states "I hereby take no action on the sentence" and Appellant was convicted of an offense committed prior to 1 January 2019.[4]

We find the convening authority's decision memorandum contains error and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Given our remand, we do not reach Appellant's assignment of error, sentence severity.

## I. BACKGROUND

While assigned to McConnell Air Force Base (AFB), Kansas, Appellant lived off base with three roommates, two of whom were Senior Airman (SrA) EK and SrA KB.[5]

On 10 October 2018, special agents (SA) from the Air Force Office of Special Investigations (AFOSI) notified Appellant that he was under investigation for wrongful use of a controlled substance in violation of Article 112a, UCMJ. As part of its investigation, AFSOI obtained cellular phone text message conversations involving, and between, the Appellant and his roommates, SrA EK, SrA KB, and HVF. AFOSI also obtained text messages involving, and between, the Appellant and his drug dealer, KD. In the text messages, SrA EK and HVF inquired about and discussed acquiring cocaine, LSD, and ecstasy for their and Appellant's use. Appellant also inquired about buying a "40," which according to the evidence at trial means $40.00 worth of cocaine.

AFOSI agents also seized a handwritten note addressed to SrA EK where Appellant expressed his concerns about their drug use, and after clarifying that he did not intend to stop, he stated he needed to "cut back." Appellant also felt something "big [was] about to go down" and that he thought they had been "playing a dangerous game for a long time." Finally, Appellant explained that he felt he should say something before "anything got out of hand."

Between May 2017 and October 2018,[6] on multiple occasions, Appellant consumed cocaine, ecstasy, and LSD in various locations to include a bar in

---

[4] We did not order the Government to show cause as to why this case should not be remanded. Each of us is familiar with the recent responses submitted by the Government on this issue in prior and pending cases. This decision was made for judicial economy.

[5] The majority of these facts are from the stipulation of fact signed by Appellant and counsel, and admitted into evidence without objection.

[6] Although the stipulation of fact used the dates "May 2017 and October 2018," the specifications for which Appellant was found guilty included: wrongful use of cocaine on divers occasions from on or about 1 January 2017 to on or about 10 October 2018;

Wichita, Kansas; at another Airman's residence; Appellant's residence; and while attending shows and festivals throughout the continental United States. During this period Appellant used cocaine approximately 25 times, ecstasy about 20 times, and LSD about 15 times.

## II. DISCUSSION

**A. Law**

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and an R.C.M. provision are also questions of law that we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2007) (citation omitted).

Executive Order 13,825, § 6(b), requires the version of Article 60, UCMJ, 10 U.S.C. § 860, "in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence. . . ." *See* 2018 Amendments to the Manual for Courts-Martial, United States, 83 Fed. Reg. 9889, 9890 (1 Mar. 2018). The version of Article 60, UCMJ, in effect on 1 January 2017, stated "[a]ction on the sentence of a court-martial shall be taken by the convening authority." 10 U.S.C. § 860(c)(2)(A) (*Manual for Courts-Martial, United States* (2016 ed.) (*MCM*)). "Except as provided in paragraph (4) [of Article 60(c), UCMJ], the convening authority or another person authorized to act under this section may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B) (*MCM*). "Except as provided in subparagraph (B) or (C) [of Article 60(c)(4)(A), UCMJ], the convening authority or another person authorized to act under this section may not disapprove, commute, or suspend in whole or in part, an adjudged sentence of . . . [a] bad conduct discharge." 10 U.S.C. § 860(c)(4)(A) (*MCM*).

R.C.M. 1104(b)(2)(B) states:

> A motion to correct an error in the action of the convening authority shall be filed within five days after the party receives the convening authority's action. If any post-trial action by the convening authority is incomplete, irregular, or contains error, the

---

wrongful use of ecstasy on divers occasions from on or about 15 May 2017 to on or about 10 October 2018; and wrongful use of LSD on divers occasions from on or about 1 June 2017 to on or about 10 October 2018.

military judge shall—(i) return the action to the convening authority for correction; or (ii) with the agreement of the parties, correct the action of the convening authority in the entry of judgment.

"Under regulations prescribed by the Secretary concerned, the military judge of a general or special court-martial shall enter into the record of trial the judgment of the court." R.C.M. 1111(a)(1). "The judgment reflects the result of the court-martial, as modified by any post-trial actions, rulings, or orders. The [EoJ] terminates the trial proceedings and initiates the appellate process." R.C.M. 1111(a)(2).

"If the Court of Criminal Appeals determines that additional proceedings are warranted, the Court may order a hearing as may be necessary to address a substantial issue, subject to such limitations as the Court may direct and under such regulations as the [P]resident may prescribe." Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3). "A Court of Criminal Appeals may order a remand for additional fact finding, or for other reasons, in order to address a substantial issue on appeal." R.C.M. 810(f). "A remand under this subsection is generally not appropriate to determine facts or investigate matters which could, through a party's exercise of reasonable diligence, have been investigated or considered at trial." *Id.* "Such orders shall be directed to the Chief Trial Judge." *Id.*

"The Judge Advocate General, the Court of Criminal Appeals, and the [United States] Court of Appeals for the Armed Forces may modify a judgment in the performance of their duties and responsibilities." R.C.M. 1111(c)(2). "If a case is remanded to a military judge, the military judge may modify the judgment consistent with the purposes of the remand." R.C.M. 1111(c)(3).

## B. Analysis

### 1. Jurisdiction

We briefly address our jurisdiction. We are a court of limited jurisdiction defined wholly by statute. *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015). In this case, we derive our jurisdiction from Article 66(b)(3), UCMJ, 10 U.S.C. § 866(b)(3), which says "[a] Court of Criminal Appeals shall have jurisdiction over a court-martial in which the judgment entered into the record under [Article 60c, UCMJ, 10 U.S.C. § 860c] of this title includes a sentence of . . . [a] bad-conduct discharge." 10 U.S.C. § 866(b)(3). In this case, the EoJ accurately lists a bad-conduct discharge so we are satisfied that we have jurisdiction even if the convening authority failed to take action on the entire sentence as required by law. The convening authority's decision memorandum

does not show any attempt to disapprove the bad-conduct discharge.[7] Even if the convening authority wanted to take such an action on the sentence—and we have no evidence that he did—he lacked that power under the version of Article 60, UCMJ, in effect on 1 January 2017, the earliest date for which Appellant was convicted. *See* 10 U.S.C. § 860 (*MCM*). We are satisfied that we have jurisdiction under Article 66(b)(3), UCMJ. *See United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *11 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.).

### 2. Convening Authority Decision Memorandum

As an initial matter, we recognize that other panels of our esteemed colleagues on this court have addressed this issue differently than we do below; however, we respectfully are not persuaded by the other approaches. A review of our recent decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op) makes clear that four distinct positions exists among the judges on this court, two of which are reflected in this case. *See also United States v. Barrick,* No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.).

In a case referred after 1 January 2019 where an accused is found guilty of a specification for an offense occurring before 1 January 2019, we find the convening authority cannot simultaneously "take no action on the sentence" and satisfy Exec. Order 13,825, § 6(b)(1), which "requires action by the convening authority on the sentence." *Finco*, unpub. op. at *12. We need look no further than the plain language of the decision memorandum and determine that the convening authority erred when he took no action on the sentence when Exec. Order 13,825, § 6(b)(1), required him to do so. *Id.*

In *Finco*, a panel of our court found plain or obvious error because a convening authority "cannot simultaneously 'take no action on the sentence' and satisfy Exec. Order. 13,825, § 6(b)(1), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), which 'requires action by the convening authority on the sentence.'" *Id.* at *12. The conclusion of error in *Finco* was consistent with the earlier decision of our sister-service court in *United States v. Coffman*, 79 M.J. 820 (A. Ct. Crim. App. 2020). The court in *Coffman* held that "indicating 'N/A' or stating 'No Action' does not constitute taking action in a case." *Id.* at 823.

In the case before us, Appellant submitted clemency matters requesting reduction of his confinement and forfeitures that extended beyond 8 June 2019. The convening authority was under no obligation to do this under the PTA's

---

[7] The convening authority directed Appellant to take leave pending completion of appellate review under Article 76a, UCMJ, 10 U.S.C. § 876a. This direction is consistent with Appellant having an unsuspended bad-conduct discharge.

terms. We acknowledge the convening authority's decision memorandum made clear the clemency matters were considered. This provides some support for an argument that the convening authority implicitly approved this portion of the sentence. On the other hand, the language used in the decision memorandum indicates no action was taken on the sentence which can easily be read as a decision was never made. Therefore, we continue our analysis.

The convening authority's decision memorandum stated that he consulted with his staff judge advocate (SJA). There is no information in the record of trial regarding the substance of the SJA's advice to the convening authority or what the convening authority understood the law required on taking action on the sentence. It is possible the SJA gave accurate advice to the convening authority that he had to take action on the sentence given the date of the earliest offense and the date of referral. We find it more probable that if the SJA gave advice it would have been consistent with the convening authority decision memorandum—that the law did not require the convening authority to take action on the sentence anymore—which would reflect a clearly erroneous view of the law applicable to Appellant's case. As Appellant had an opportunity to address this error with the military judge after the convening authority signed the decision memorandum, we must determine if Appellant waived or forfeited this issue.

Appellant did not raise a motion under R.C.M. 1104(b)(2)(B) alleging that the convening authority's action was incomplete, irregular, or contained error within the rule's five-day prescribed timeframe. Under the prior version of Article 66, UCMJ, we had the discretion to determine whether to apply waiver or forfeiture in a particular case, or to pierce waiver or forfeiture in order to correct a legal error. 10 U.S.C. § 866 (*MCM*); s*ee United States v. Lee*, No. ACM 39531, 2020 CCA LEXIS 61, at *17 (A.F. Ct. Crim. App. 26 Feb. 2020) (unpub. op.) (citations omitted). We find that our discretion on this matter has not changed despite congressional modifications to the version of Article 66, UCMJ, which applies to this case. *See Finco*, unpub. op. at *15. Exercising that discretion, we find that Appellant's failure to file a motion under R.C.M. 1104(b)(2)(B) forfeited his right to object to the accuracy of the convening authority's decision memorandum absent plain error. *See id.*

Under a plain error analysis, an appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). Whether an error is "plain" is a question of law we review de novo. *See United States v. Tovarchavez*, 78 M.J. 458, 463 (C.A.A.F. 2019).

"We begin statutory analysis by examining the plain language." *United States v. Stout*, 79 M.J. 168, 171 (C.A.A.F. 2019). "The plain language will control, unless use of the plain language will lead to an absurd result." *Id.* (citing *United States v. Lewis*, 65 M.J. 85, 88 (C.A.A.F. 2007)). The plain language of the prior version of Article 60, UCMJ, gave the convening authority four choices when taking action on the sentence: approve, disapprove, commute, or suspend. In this applicable version of Article 60, UCMJ, Congress did not use words "deny relief," "effectuate the sentence," or "take no action."

We find the decision to take no action on the sentence was a plain or obvious error. We find the threshold of "some colorable showing of possible prejudice" is still the appropriate standard for an error impacting an appellant's request for clemency. *See LeBlanc*, 74 M.J. at 660 (quoting *Scalo*, 60 M.J. at 437). While Appellant has not made a specific claim of prejudice, we find the low standard of some colorable showing of possible prejudice to be apparent. Part of the reasoning behind the low threshold is to "avoid undue speculation as to how certain information might impact the convening authority's broad discretion." *Scalo*, 60 M.J. at 437. Certainly, the convening authority in this case had less discretion than was present in *Scalo* because this convening authority could not disapprove, commute, or suspend the bad-conduct discharge; however, he retained the power to take those actions with the remainder of the sentence. If the convening authority failed to take action on the entire sentence—as his memorandum indicates he failed to do—then we are unsure whether he made a decision on Appellant's clemency request which was within the convening authority's power to grant. Under these circumstances, we find a colorable showing of possible prejudice and that a remand is the best method to remedy this error.

We find a remand in this case to be necessary before we can determine whether the sentence is correct in law and should be approved. *See Finco*, unpub. op. at *16.

For our esteemed colleague who concurs in the result of this opinion, as we have said before, we have only one minor quibble with the "fundamental misstep" position. *Aumont*, unpub. op. at *39 (Lewis, S.J., concurring in part and in the result). As we see it, the position seems to give little meaning to the new post-trial motions process available under R.C.M. 1104(B)(2)(B) where an appellant can raise a concern to the military judge with any post-trial action by the convening authority that is incomplete, irregular, or contains error. This procedural mechanism—available to *Finco*, *Barrick*, *Aumont*, and Appellant—was not a part of the system for cases with a traditional action referred before 1 January 2019. As we see it, the new post-trial motions process should be part of the analysis of our discretion to apply waiver or forfeiture. In those cases

where we exercise our discretion to apply forfeiture, we test for a colorable showing of possible prejudice.

## C. Remand

To address the issue raised by the convening authority's decision memorandum, we use the new statutory remand authority of Article 66(f)(3), UCMJ. The Military Justice Review Group's report recommended this new statutory provision to "expressly provide the authority for the court to remand a case for additional proceedings that may be necessary to address a substantial issue" and "would incorporate current practice (i.e., '*DuBay*'[8] hearings) and could include orders to either a convening authority or Chief Trial Judge for delegation to a military judge." *See Finco,* unpub. op. at *18–19; Office of the General Counsel, Dep't of Defense, *Report of the Military Justice Review Group Part I: UCMJ Recommendations*, at 611 (22 Dec. 2015), https://www.jag.navy.mil/documents/NJS/MJRG_Report_PartI_22Dec15.pdf.

The plain language of Article 66(f)(3), UCMJ, permits us to order a hearing as may be necessary to address a substantial issue. We find a substantial issue existed when the convening authority purported to take no action on the sentence when the law required it. R.C.M. 810(f) cautions that a remand should not be used for matters which could have been investigated or considered at trial through a party's exercise of reasonable diligence. In this case, we see no single party failing to exercise reasonable diligence as both parties failed to raise a post-trial motion in this case. We also would have expected the military judge to wait to sign the EoJ until action was taken on the sentence.

We mention one final source that applies to remands, the Joint Rules for Appellate Procedure for Courts of Criminal Appeals (JRAP). The JRAP apply to cases docketed with our court on or after 1 January 2019, including Appellant's case, and are signed by The Judge Advocate General of the Air Force and his counterparts in the Army, Navy, and Coast Guard. JRAP Rule 29, *Article 66(f) Proceedings*, provides further explanations of our remand procedures. JT. CT. CRIM. APP. R. 29. For example, Rule 29(b) addresses whether our court retains jurisdiction on remand or dismisses the appellate proceeding and returns jurisdiction over the case to the military judge. Rule 29(b)(2) elaborates that one of the circumstances when terminating appellate jurisdiction may be appropriate is when the case requires corrective action by the trial court to the judgment. Rule 29(d)(3) also instructs that when we return jurisdiction of a case to the military judge and dismiss the appellate proceeding, the rules applicable to the conduct of a post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a),

---

[8] *United States v. DuBay*, 37 C.M.R. 411 (1967).

session shall apply. These provisions guide our decretal paragraph as we describe the scope of our remand and the procedures available to the military judge.

## III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as no action was taken on Appellant's adjudged sentence as required by law.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;
(2) Return the record of trial to the convening authority or his successor to take action on the sentence;
(3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or
(4) Modify the Entry of Judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

CADOTTE, Judge (concurring in the result):

I agree with the conclusion of the court with respect to remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as no action was taken on Appellant's adjudged sentence as required by law. However, I find the convening authority's "take no action on sentence" to be a "fundamental misstep in military justice procedure" as articulated by Chief Judge J. Johnson in his separate opinion in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *92–105 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (J. Johnson, C.J., concurring in part and dissenting in part) (unpub. op.), which I joined. As such, I do not agree with the majority in conducting a plain error analysis. The convening authority's action must be "clear and unambiguous," and in this case it is not. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)). I disagree with the majority's decision to test for prejudice.

Accordingly, I would find error and remand regardless of whether the Appellant was prejudiced.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court