# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39685 (f rev)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**James D. JACKMAN**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 26 January 2021

———————————

*Military Judge:* Shelly W. Schools (trial); Andrew R. Norton (record of trial correction).

*Sentence*: Sentence adjudged on 19 March 2019 by GCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 8 April 2019: Bad-conduct discharge, confinement for 9 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges*.

Senior Judge LEWIS delivered the opinion of the court, in which Judge D. JOHNSON joined. Senior Judge MINK filed a separate opinion concurring in part, and dissenting in part and in the result.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

LEWIS, Senior Judge:

Appellant's case is before this court for the second time. In *United States v. Jackman*, No. ACM 39685, 2020 CCA LEXIS 273, at *3, 14–15 (A.F. Ct. Crim. App. 21 Aug. 2020) (unpub. op.), we found the record of trial defective under Rule for Court-Martial (R.C.M.) 1112(d)(2)[1] and returned it to the Chief Trial Judge, Air Force Trial Judiciary for correction. Subsequently, the detailed court reporter corrected the defect by removing audio recording files that were not sessions of the court. A detailed military judge gave the parties notice of the proposed correction and an opportunity to examine and respond to the notice. No party requested access to the recordings and no objections were made to the proposed correction. On 27 August 2020, the military judge signed the certificate of correction in accordance with R.C.M. 1112(d)(2).

On 2 September 2020, the record of trial was returned to our court for completion of appellate review. Appellant has not raised any issues for our consideration upon further review. We find the defect in the record of trial has been properly corrected and we may complete appellate review.

This leads us to address one new issue, whether the convening authority failed to take action on the entire sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)).[2] While our panel is split on the approach to this issue and its outcome, the majority finds no material prejudice to the substantial rights of Appellant and therefore affirms the findings and sentence in the entry of judgment (EoJ).

## I. BACKGROUND

In our earlier review of this case, we provided the following overview of its post-trial processing:

> A general court-martial composed of a military judge sitting alone sentenced Appellant to a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to the grade of E-1. In undated clemency letters, Appellant and his defense counsel requested the convening authority "disapprove two-thirds of the adjudged total forfeitures." The convening authority's decision memorandum on action did not

---

[1] Unless otherwise specified, all references to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] We did not order the Government to show cause as to why this case should not be remanded. We are familiar with the recent responses submitted by the Government on this issue in prior and pending cases. This decision was made for judicial economy.

state that he reviewed Appellant's clemency request. In taking action on the sentence, the convening authority reduced the confinement from ten to nine months to comply with the [pretrial agreement (PTA)] but he did not disapprove any of the forfeitures. The military judge signed the [EoJ] the same day the convening authority took action on the sentence. The parties did not file any post-trial motions with the military judge. On 17 April 2019, the court reporter certified the record of trial and on 3 May 2019, the record of trial was docketed with our court.

*Jackman*, unpub. op. at *2.

We also noted the following regarding appellate processing of Appellant's case:

Appellant submitted his case to us without a specific assignment of error. Appellant's counsel noted in his merits brief that he "identified a potential post-trial error, but . . . concluded that any such error would be non-prejudicial to Appellant." We are unsure of the nature of the error that appellate defense counsel identified, as he chose not to disclose the error to us.

*Id.*, at *2–3.

In our first review, we identified three post-trial processing issues—one of which was the defective record of trial that was remedied by our remand.[3] However, we did not address whether the convening authority's decision memorandum was erroneous because it did not state the convening authority approved each sentence component found in the EoJ. In light of recent unpublished opinions by our court—two of which are cited below—we directly address this issue.

The two judges who make up the majority here recently addressed this same issue in *United States v. Way*, No. ACM 39723, 2020 CCA LEXIS 473, at *16 (A.F. Ct. Crim. App. 23 Dec. 2020) (unpub. op.). In that 2–1 decision, we

---

[3] The other two issues were: (1) whether the signed Statement of Trial Results (STR) and EoJ must be modified where the pleas and findings to both Charge I and II are omitted; and (2) whether prejudicial error exists when there is no documentation in the record of trial that the convening authority considered Appellant's clemency matters. *Jackman*, unpub. op. at *3. On the first issue, we found the errors were "obvious" but that remand under Article 66(f)(3), UCMJ, was unwarranted as the pleas and findings for the specifications under Charges I and II were accurately shown in the STR and EoJ. *Id.* at *10–12. On the second issue, we found no prejudice existed even if we assumed the error was plain or obvious. *Id.* at *12–14.

assumed without deciding that it was a plain or obvious error when the convening authority did not approve the entire sentence in the EoJ but we affirmed the findings and sentence after testing for prejudice and finding none. Unpub. op. at \*16–18. We again follow the approach from *Way*.[4] Applying our approach, we discern no prejudice to Appellant.

Our esteemed colleague who concurs in part and dissents in part and in the result would find error and remand because the action is not "clear and unambiguous." *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006). We are familiar with this approach as it is the same one taken by the separate opinion in *Way* by a different esteemed colleague. Unpub. op. at \*19–20 (Cadotte, J., concurring in part, dissenting in part and in the result); *see also e.g., United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.). However, we still see the best approach is to first consider whether Appellant waived or forfeited the issue, and if forfeited, determine whether Appellant prevails under a plain error standard of review.

Appellant has never claimed error in the convening authority's decision memorandum. His initial merits brief—filed before our first review of his case—noted unnamed post-trial processing errors but disclaimed prejudice. Since his case was re-docketed with our court, more than four months have passed and Appellant has not filed or requested to file a supplemental brief alleging error or prejudice. Still, we can see that the convening authority's decision on action memorandum did not use the word "approve" regarding any portion of the sentence in the EoJ and so we will examine this matter further.

## II. LAW AND ANALYSIS

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a R.C.M. provision are also questions of law that we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted). Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ, "in effect on the date of

---

[4] We also tested for prejudice in prior cases with a related though different issue when the convening authority's decision memorandum either stated *no* action was taken on the sentence, or in the case. *See, e.g., United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at \*12–15 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at \*29–37 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.) (Lewis, S.J., concurring in part and in the result); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at \*13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.).

the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence." *See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. 9889, 9890 (8 Mar. 2018). The version of Article 60, UCMJ, in effect on the date of the earliest charged offense in this case, 1 May 2017, stated "[a]ction on the sentence of a court-martial shall be taken by the convening authority." 10 U.S.C. § 860(c)(2)(A) (2016 *MCM*).

Our approach requires a determination of whether Appellant waived or forfeited the issue by not filing a post-trial motion within five days after receipt of the convening authority's decision memorandum to allege the action was incomplete, irregular, or contained error. *See* R.C.M. 1104(b)(2)(B). In our view, Appellant's opportunity to challenge the decision memorandum before the military judge and his failure to file such a motion warrants appropriate consideration. Such consideration distinguishes the review of cases with an EoJ—like Appellant's—from those cases referred to trial prior to 1 January 2019 with a traditional action. In cases with a traditional action, the military judge retained "control over a court-martial until the record [was] authenticated and forwarded to the convening authority for review." *United States v. Neal*, 68 M.J. 289, 296 (C.A.A.F. 2010) (citation omitted); *see also* R.C.M. 1104 (2016 *MCM*). Here, the Defense had the opportunity to claim error in the action before the military judge for up to five days after receipt of the convening authority's decision memorandum. *See* R.C.M. 1104(b)(2)(B).

Appellant received written advice of his opportunity to claim error in the convening authority's decision memorandum before the military judge. The written post-trial appellate rights advisement that Appellant and his trial defense counsel signed is an appellate exhibit in the record of trial. The post-trial rights advisement stated, "[P]ost-trial court proceedings are to inquire into and resolve anything that comes up after trial that substantially affects any offense of which you were convicted or the sentence, submitting a request may help highlight and/or preserve issues for appeal." We wholeheartedly agree. Concerns with a convening authority's decision memorandum should be addressed with the trial court before the EoJ is signed, long before an Article 66 review by a Court of Criminal Appeals. Failure to raise a claim of error should matter to the standard of review on appeal. Therefore, as we found in *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *13–14 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.), and adopting the same reasoning, we find Appellant's failure to file a post-trial motion forfeited his right to object to the accuracy of the convening authority's decision on action memorandum, absent plain error. We followed an identical path in *Way*. *See* unpub. op. at *17–18.

To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). We have applied the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency in cases like Appellant's. *See, e.g.*, *Cruspero*, unpub. op. at *14–15 (quoting *LeBlanc*, 74 M.J. at 660).

Applying plain error, even if we assume without deciding that there was plain or obvious error in the convening authority's decision memorandum, we can discern no colorable showing of possible prejudice to Appellant given the clemency submission. Appellant's only request in clemency was for the convening authority to "disapprove two-thirds of the adjudged total forfeitures." We will not speculate why Appellant made this request but even if the convening authority granted Appellant exactly what he asked for, Appellant would still automatically forfeit all of his pay and allowances for "any period of confinement or parole" under Article 58b, UCMJ, 10 U.S.C. § 858b, given the adjudged bad-conduct discharge and nine months of confinement.[5] Appellant's automatic forfeitures took effect the same day as his adjudged forfeitures: 14 days after announcement of sentence under Article 57(a)(1)(A), UCMJ, 10 U.S.C. § 857(a)(1)(A); R.C.M. 1102(b)(1)(A). Appellant did not request the convening authority defer the automatic forfeitures under Article 57(b)(1). *See also* R.C.M. 1103(b). Finally, because Appellant had no dependents—at least according to the personal data sheet admitted at trial—he was not eligible to have the automatic forfeitures waived and directed to be paid to a dependent for a period not to exceed six months under Article 58b(b), UCMJ, 10 U.S.C. § 858b.

From our review of the record of trial and the applicable law, we conclude that even if the convening authority granted Appellant's clemency request in full it would have not resulted in financial relief to Appellant while he was in confinement.[6]

---

[5] Pursuant to Article 60(c)(4)(A), UCMJ, we do not believe the convening authority could disapprove the bad-conduct discharge or further reduce the confinement below nine months as the exceptions listed in Article 60(c)(4)(B) or (C) could not be utilized to further reduce the sentence. *See* 10 U.S.C. § 860(c)(4)(A), (B), (C) (2016 *MCM*).

[6] According to the record of trial, after accounting for the reduced confinement term per the PTA, Appellant's minimum release date from confinement was on 3 November 2019 and his maximum release date was on 18 December 2019.

This leaves us with considering whether there is evidence in the record that Appellant would have been denied financial relief after release from confinement if the convening authority had granted his entire clemency request. The record provides us little on this matter. We only know that the convening authority's decision on action memorandum, dated 8 April 2019, required Appellant to be placed on appellate leave under Article 76a, UCMJ, 10 U.S.C. § 876, unless superior competent authority directed otherwise. In contrast, the record does not contain the paperwork used to place Appellant on appellate leave or show whether he had any accrued leave.[7] Similarly, the record contains no definitive information on when Appellant completed his term of confinement, whether he was paroled, or how his adjudged forfeitures of all pay and allowances were applied, if at all, after his confinement ended.[8] Under these circumstances, we find no colorable showing of possible prejudice from the assumed error in the convening authority's decision on action memorandum.

Finally, there is no question that the convening authority took some action on the sentence in this case as he reduced Appellant's confinement term from ten months to nine. This reduction in confinement was pursuant to the PTA's terms. The PTA contained no limitation on the amount or type of forfeitures so we have no question that Appellant received the full benefit of his PTA with the convening authority.

## III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

MINK, Senior Judge (concurring in part, and dissenting in part and in the result):

---

[7] If Appellant had accrued leave he would have been permitted to choose to either (1) receive pay and allowances during the period of accrued leave, then continue on unpaid required excess leave; or (2) receive a lump sum payment of his base pay for the accrued leave, as of the day before the required excess leave begins, and serve the entire period of required leave on unpaid excess leave. *See* Air Force Instruction 51–201, *Administration of Military Justice*, Figure A9.14 (18 Jan. 2019, as amended by AFGM 2019-02, 30 Oct. 2019).

[8] R.C.M. 1102(b)(1)(B) prohibits the execution of forfeitures beyond "two-thirds forfeiture of pay" if Appellant was "not confined" and was "performing military duties." Appellant has not claimed he forfeited his allowances or more than two-thirds of his pay after his release from confinement.

I agree with the conclusion of the court that the defect in the record of trial has been properly corrected. However, I would remand this case to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the decision memorandum as the convening authority's decision on action taken on Appellant's adjudged sentence was ambiguous and incomplete. I adopt the reasoning of the majority in *United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.), and find the convening authority here, as in *Lopez*, "was required to explicitly state his approval or disapproval of the sentence." *Id.* at *11. The convening authority failed to do so, thus I conclude the convening authority failed to take action on the entire sentence in accordance with Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, Uniform Code of Military Justice, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)).

I continue to hold the view expressed in the dissenting opinion in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *92–105 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.) (J. Johnson, C.J., dissenting in part and in the result), and, therefore, I do not agree with the majority's approach in conducting a plain error analysis. The convening authority's action must be "clear and unambiguous," and in this case it is not. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)). I further disagree with my esteemed colleagues' decision to test for material prejudice. Accordingly, I would find error and remand regardless of whether Appellant was materially prejudiced.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court