# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————

**No. ACM 39841**

————————

**UNITED STATES**
*Appellee*

**v.**

**Joshua N.F. MOTUS**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————

Appeal from the United States Air Force Trial Judiciary

Decided 26 February 2021

————————

*Military Judge:* Andrew R. Norton.

*Sentence:* Sentence adjudged on 12 September 2019 by GCM convened at Fort George G. Meade, Maryland. Sentence entered by military judge on 4 October 2019: Dishonorable discharge, confinement for 2 years, and reduction to E-1.

*For Appellant:* Captain Alexander A. Navarro, USAF; Carol A. Thompson, Esquire.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges*.

Judge KEY delivered the opinion of the court, in which Senior Judge MINK joined. Judge ANNEXSTAD filed a separate dissenting opinion.

————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————

KEY, Judge:

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of two specifications of sexual assault and one specification of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1],[2] The specifications pertained to offenses Appellant committed in 2018. The military judge sentenced Appellant to a dishonorable discharge, confinement for two years, and reduction to the grade of E-1.

On appeal, Appellant raises five assignments of error, only one of which we reach here, in part. In that assignment of error, Appellant asserts his trial defense counsel were ineffective in, *inter alia*, failing to file a post-trial motion regarding the convening authority not taking action on Appellant's sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. As a remedy, Appellant asks this court to set aside his sentence. The Government responds that trial defense counsel should not be found ineffective due to the unsettled state of the law at the time of Appellant's court-martial; that even if there was error, Appellant suffered no conceivable prejudice; and that the appropriate remedy for such an error would be to order new post-trial processing, not to set aside Appellant's sentence. We agree the convening authority did err, and we conclude remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Accordingly, we defer addressing the remainder of Appellant's assignments of error—to include whether his trial defense counsel were ineffective in not challenging the lack of convening authority action—until the record is returned to this court for completion of our review under Article 66, UCMJ, 10 U.S.C. § 866.

## I. BACKGROUND

The specifications in this case were referred in two referrals—the first on 17 January 2019 and the second on 21 May 2019. Appellant's court-martial concluded on 12 September 2019. On 21 September 2019, Appellant's trial defense counsel submitted a petition for clemency requesting the convening authority grant confinement credit based upon an alleged violation of Article 12,

---

[1] Unless otherwise noted, references to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] The military judge acquitted Appellant of one specification of sexual assault and two specifications of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920.

UCMJ, 10 U.S.C. § 812. After reviewing Appellant's clemency request and consulting with his staff judge advocate, the convening authority signed a Decision on Action memorandum on 3 October 2019. In the memorandum, the convening authority stated: "I take no action on the findings in this case." He further wrote, "I take no action on the sentence in this case." The Decision on Action also directed Appellant to "take leave pending completion of appellate review" upon release from confinement. The memorandum contained no further indication as to whether any element of the sentence was approved, disapproved, commuted, or suspended. On 4 October 2019, the military judge signed the entry of judgment, setting out the sentence. He included the Decision on Action memorandum as an attachment.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2018—the year in which Appellant's offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its recent en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at \*19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges, including the majority of the panel in the instant case, found the error required remand for corrective action without testing for prejudice, *id.* at \*89 (J. Johnson, C.J., concurring in part and dissenting in part).

We recognize that other panels of this court have applied different reasoning in cases decided before and after *Aumont*. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (wherein our sister-service court found the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority is required to explicitly state whether the sentence is approved. R.C.M. 1107(f)(4)(A) (implementing the version of Article 60, UCMJ, applicable to Appellant's case). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* In this case, the convening authority did not take action on the entire sentence. He implicitly referenced the adjudged punitive discharge by mentioning appellate leave, but he did not mention the confinement or reduction in grade. The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at \*11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, it must return the case to the convening authority. *Politte*, 63 M.J. at 25–26 (applying the earlier versions of Articles 60

and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000), reasoning which we find applicable here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we remand the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part); *see* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1)  Correct the Statement of Trial Results;[3]

(2)  Return the record of trial to the convening authority or his successor to take action on the sentence;

(3)  Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(4)  Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

ANNEXSTAD, Judge (dissenting):

I respectfully disagree with my colleagues' conclusion remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, because the convening au-

---

[3] The statement of trial results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3) (2019 *MCM*). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

thority's action was ambiguous and incomplete. Consistent with our court's decision in *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, at *3 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.), I would find the convening authority's decision to "take no action on the sentence" was the equivalent of action. In coming to this conclusion, I note, as our court did in *Barrick*, that:

> Air Force Instruction 51-201, *Administration of Military Justice*, Section 13D (18 Jan. 2019), correctly advises convening authorities to grant relief as circumscribed by the applicable version of Article 60, UCMJ[, 10 U.S.C. § 860]. Additionally, it advises convening authorities to specify "no action" if not granting relief, which would include effecting "action" under the applicable version of Article 60, UCMJ.

*Id.* at *3–4.

I also recognize that we can use surrounding documentation to interpret an otherwise unclear convening authority action, including looking outside the four corners of the action's language. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)).

In this case, the record demonstrates that Appellant submitted clemency matters to the convening authority on 21 September 2019. In his matters, Appellant asked the convening authority for confinement credit based on a violation of Article 12, UCMJ, 10 U.S.C. § 812. On 3 October 2019, the convening authority's decision to "take no action" on the findings and sentence was memorialized in his Decision on Action memorandum to the military judge. Consistent with Air Force Instruction 51-201, Section 13D, the convening authority expressed his decision to not grant relief as "no action." Additionally, the convening authority directed Appellant to "take leave" pending completion of appellate review upon release from confinement. On 4 October 2019, the military judge signed the entry of judgment (EoJ), reflecting the sentence as adjudged. The convening authority's Decision on Action memorandum was attached to the EoJ.

I would find that the convening authority's decision met the legacy requirements of Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)), requiring the convening authority to effectuate the sentence. I would also find the decision complied with the provisions of Rule for Courts-Martial (R.C.M.) 1109 of the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*), requiring convening authority action only when affecting the sentence. In this case, the convening authority's decision to provide no relief at action was a "clear and unambiguous" determination to effectuate the adjudged sentence without modification. *See Politte*, 63 M.J. at 25–26 (footnote

omitted). There is no indication in the record that the military judge or the parties were confused as to the convening authority's decision to grant no relief. The sentence memorialized in the EoJ was the same as the sentence adjudged at trial, and neither party moved for correction of the Decision on Action or the EoJ. *See* R.C.M. 1104(b)(2)(B), (C) (2019 *MCM*). For these reasons, I would find no error in the convening authority's action and would not defer addressing Appellant's assignments of error by remanding the case to the Chief Trial Judge, Air Force Trial Judiciary.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court